## 48355. HANKINSON v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of sodomy. He was sentenced to serve 10 years. He appeals from the judgment and sentence. *Held:*

1. During the trial, the district attorney attempted to offer in

evidence a weapon allegedly found in the defendant's vehicle after his arrest. Upon objection, the court refused to allow the weapon to be introduced in evidence, because it was not proven that it had been used in a threatening manner. This part of the court's ruling was favorable to the defendant, but he then enumerates error on failure to declare a mistrial at the time the weapon was waved in the presence of the jury—consequently there was no error in refusing to declare a mistrial.

2. The trial of defendant had been delayed for almost four years, during which time the testimony shows he had been in Central State Hospital at Milledgeville at least twice. After his own attorney had examined him under oath, the district attorney began to cross examine him, and almost immediately defendant began screaming from rage or from a mental seizure. The trial judge felt it was a demonstration deliberately staged in front of the jury, and so stated in the presence of the jury, including the remark that he held defendant's counsel responsible for permitting and encouraging same. The court also stated, in the presence of the jury, that he would have defendant gagged and bound and tied and left in the courtroom, or removed from the courtroom, unless defendant thereafter behaved himself. Defendant enumerates error on the court's failure to grant his motion for mistrial at this stage, but the record fails to show that any motion for mistrial was made in the lower court. Defendant also enumerates error on the court's failure to direct a verdict of not guilty at this stage. But the record fails to show that a motion for directed verdict of not guilty was made in the lower court. Hence, no error is shown as to such enumerations of error.

3. Defendant enumerates error because, as he contends, the court's conduct, and statements, in the presence of the jury, a part of which are set forth in Division 2 of this opinion, caused defendant to be "deprived of effective assistance of counsel and counsel was ineffective." But no motion for mistrial was made, nor was any other motion made, respecting the complaint upon which error is now enumerated, and therefore, no error can be shown. In passing, however, we feel it proper to say if proper motion for mistrial had been made at the time and overruled, then we would feel compelled to reverse because of the remarks made by the court in the presence of the jury. These remarks were no doubt appropriate, if made out of the presence and hearing of the jury.

4. Error is enumerated because the jury was unconstitutionally constituted, all Negroes having been excluded, and defendant

was a Negro. But no challenge or other objection was made to the jury in the lower court. Further, the brief of defendant affirmatively shows that during the trial defendant struck several Negroes from the jury panel. Thus, *all* Negroes were not excluded, as defendant now contends. There is no merit in this complaint.

5. Defendant urges that he was indigent, and was not advised of his right to appeal and as to the procedure for appealing. Despite his indigency (if he was indigent), he was represented by counsel during the trial; although he is now represented by the Public Defender in this court on appeal. His appeal has been filed, brief in support has been filed, and his case has been argued orally in this court, and is now being considered. There is no merit whatever as to his complaint that he was not advised as to his right and the procedure for appealing.

6. Error is enumerated on the trial judge's failure to give in charge to the jury the following written request: "I charge you that the defendant in this case has entered his plea of 'not guilty' by reason of insanity. If you find from the evidence in this case that the defendant has previously been found or adjudged insane, the presumption is that such insanity continues until some adjudication is made to the contrary." A general plea of "not guilty" includes the defense of "not guilty by reason of insanity at the time of the commission of the offense." *Carr v. State,* 96 Ga. 284 (1) (22 SE 570). The crime for which this defendant was convicted was committed on January 23, 1969. The defendant's testimony showed that he had been sent by a "court and jury" to Central State Hospital, and while the range of time is not absolutely clear, it is enough to strongly imply that such commitment was prior to the date of commission of the offense, his testimony at the trial on December 7, 1972, being that he was sent there "about four years ago" which would have been in 1968.

In *Orange v. State,* 77 Ga. App. 36, 40 (47 SE2d 756), it is held: "Where one has been adjudged insane the presumption is that such insanity continues until some adjudication to the contrary . . ." This case is cited approvingly in *Gary v. State,* 122 Ga. App. 151 (176 SE2d 478).

In this case, the state did not undertake to rebut the testimony of defendant as to his commitment "about four years ago" nor to show there had been a subsequent contrary adjudication. Upon defendant's written request to charge, he was entitled to have the jury instructed that such presumption of insanity continued

until there was some adjudication to the contrary. The failure to so charge was error, necessitating a reversal and a new trial.

*Judgment reversed. Clark, J., concurs. Hall, P. J., concurs in Divisions 1, 2, 4, 5 and 6 and in the judgment.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973.

*Ralph U. Bacon,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.