## 30964. ATKINS v. THE STATE.

NICHOLS, Chief Justice.

Donald Ray Atkins was indicted, in separate indictments, for the offenses of rape, and kidnapping and rape. The indictments were tried jointly and the defendant was convicted of both offenses and sentenced to life imprisonment on each charge, such sentences to run concurrently. A joint motion for new trial was filed and overruled and the present appeal filed.

The evidence authorized a finding that the defendant, who knew the victim slightly and who lived next door to the victim, waited until his wife was asleep and went to the victim's home at approximately 8:30 p.m., knocked on the door, and when the victim opened the door he forced his way in where he grabbed her around the

throat, took her clothes off, forced her into the bedroom and raped her. Thereafter, he forced her into a pick-up truck and drove to another section of the county where he again raped the victim.

Atkins admitted going to the victim's home on the night in question after his wife was asleep, but insists that he was there by invitation of the victim and that the sexual relations, both in the victim's home and later in the truck, were with her consent and by her invitation.

Other testimony was introduced showing that the victim had been physically abused. Also introduced in evidence was testimony of another alleged victim of the defendant. This witness testified as to the circumstances surrounding her alleged rape. This victim, like the victim in the case sub judice, knew the defendant slightly. In both cases the defendant placed his arm around the victim's neck, choking each one and in both cases a knife or other sharp object was used as a weapon. In both cases an arm-about-the-neck strangle hold was used by the appellant to choke the victim into being quiet and to force the victim into submission. In both cases the appellant told the victim that she had better be quiet or he would kill her. In both cases the appellant removed the victim to a deserted location for the purpose of rape. In both cases, after the rape, the appellant returned the victim to the location where he first picked her up. In both cases some sort of conciliatory statement was made by the appellant to the victim after the rape. In both cases the victim was a person who knew the appellant. In both cases the clothes of the victim were completely removed. Both rapes occurred within a three-month period and in the same county.

The testimony relating to the rape which occurred approximately three months before those charged in the present indictments was admissible to show intent, motive, plan, scheme and bent of mind of the appellant. See *Hunt v. State*, 233 Ga. 329 (211 SE2d 288) (1974) and *Thomas v. State*, 234 Ga. 635, 636 (217 SE2d 152) (1975).

The jury was authorized to find the defendant guilty of the charges alleged in each indictment.

After the jury returned guilty verdicts on each indictment, the trial court directed that a life sentence be

imposed for the offense of kidnapping and rape. The jury was permitted to fix the sentence on the rape indictment. The crimes were committed in October, 1974 after the effective date of the Act of 1974 (Ga. L. 1974, p. 352) which provides for sentencing by the trial court in all cases except those where the death penalty may be imposed. Where, as in the present case, the death penalty was waived, the responsibility for determining sentence was the court's and not the jury's. Accordingly, the life sentence was the only sentence which could be imposed for the offense of kidnapping with bodily injury (*Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1970); *Allen v. State,* 233 Ga. 200 (210 SE2d 680) (1974)) (Code § 26-1311), and any error in directing the jury to enter such sentence was harmless.

Inasmuch as the trial court, and not the jury, should have determined the sentence on the separate indictment for rape, this sentence must be vacated and the case remanded for the trial court to enter a sentence on the rape conviction.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED MARCH 22, 1976 — DECIDED APRIL 6, 1976.

*Richard S. Gault,* for appellant.
*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.