## 31408. BROWN et al. v. THE STATE.

HILL, Justice.

Appellants Brown and Stevenson were indicted for the armed robberies of three persons. After a jury trial, they were found guilty on one count of armed robbery and were sentenced to four years in prison. Appellants assert that their conviction was in part a consequence of an improper denial of their motion to have the state produce twelve items pursuant to Code Ann. §§ 38-801 (g) and 38-802 (Ga. L. 1966, pp. 502-505).

"Every person charged with an offense against the laws of this State . . . shall have compulsory process to obtain the testimony of his own witnesses. . . " Ga. Const. Art. I, Sec. I, Par. V (Code Ann. § 2-105). See also Code Ann. § 1-806.

Pursuant to this constitutional mandate, the General Assembly has provided for the issuance of subpoenas and sanctions for noncompliance. The present statute applicable to this subject appears in Code Ann. §§ 38-801(e)(f), 38-802 (Ga. L. 1966, pp. 502-505).

Although subsections (e) and (f) of Code Ann. § 38-801 simply provide for the issuance of subpoenas and sanctions, Code Ann. § 38-802 provides that "Section 38-801 shall apply to all civil cases, and, insofar as consistent with the Constitution, to all criminal cases."

Subsection (g) of Code Ann. § 38-801 provides for notices to produce writings and tangible objects in lieu of a subpoena. Notwithstanding Code § 38-802, quoted above, the state urges that Code Ann. § 38-801(g) is not applicable in criminal cases. This argument cannot be accepted for the reasons that if Code Ann. § 38-801(e)(f) is not applicable in criminal cases (as is expressly provided in § 38-802), then there is no statutory implementation of the constitutional right to compulsory process in criminal trials, and no sanction for noncompliance. We cannot excise only subsection (g) of Code Ann. § 38-801 from the applicability of Code Ann. § 38-802.

Before proceeding, we should review briefly the legislative history of Code Ann. §§ 38-801, 38-802, as amended (Ga. L. 1966, pp. 502, 505). The 1966 Act was a reenactment of our laws relating to subpoenas,

subpoenas duces tecum, and notices to produce. It repealed Code Ch. 38-8 relating to notices to produce, Ch. 38-9 relating to subpoenas and duces tecum, parts of Ch. 38-15 relating to subpoenas and Code §§ 38-1902 and 38-1903 relating to subpoenas and fees in criminal cases. It brought together in one law all of those subjects.

At that same session, the General Assembly enacted the Civil Practice Act (Ga. L. 1966, p. 609). Federal Rule 45, F. R. Civ. P., relating to subpoenas, was not adopted in the CPA (see Ga. L. 1966 at p. 655) for the reason that the CPA "relates only to civil cases and it was felt that the law governing subpoenas should control both civil and criminal cases. For that reason a separate act was adopted in the 1966 Session, patterned in part after rule 45, but containing several features peculiar to Georgia law. See Ga. Laws 1966, Vol. I, p. 502." Leverett, Comments on the Georgia Civil Practice Act of 1966, 3 Ga. S. B. J. 295 at 307. When it was noted that the 1966 subpoena Act did not provide for subpoenas for the taking of depositions, the CPA was amended to make provisions for deposition subpoenas. Ga. L. 1967, pp. 226, 235; Leverett, The 1967 Amendments to the Georgia Civil Practice Act and the Appellate Procedure Act, 3 Ga. S. B. J. 383, 395. See Code Ann. § 81A-145.

The state cites numerous cases in which it was stated that ". . . there is no statute or rule of procedure in force in Georgia governing pre-trial discovery in criminal cases." *Jarrell v. State,* 234 Ga. 410, 418 (216 SE2d 258) (1975), and cases cited. There is a distinct difference however between pre-trial discovery and the production of documents at trial, just as there is a difference between the pre-trial deposition of a witness and the appearance of that witness at trial. Code Ann. § 38-801 (e) shows clearly that it is applicable to subpoenas for attendance at a hearing or trial.

Moreover, the state has not cited any case decided since the 1966 enactment of Code Ann. §§ 38-801, 38-802, holding or intimating that a person accused of crime cannot utilize the notice to produce provision of Code Ann. § 38-801(g) to compel the production of documents at trial. The state cites *Walker v. State,* 215 Ga. 128 (5) (109 SE2d 748) (1959), decided prior to the 1966 amendment. A

careful reading of *Walker* shows that it acknowledged the existence of the right here enforced, to wit: ". . . the right of either party in any case to have certain matter, upon proper notice, produced at the trial." 215 Ga. at 131.

In the case before us, the defendants filed a motion for disclosure pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), a motion to produce based solely upon Code Ann. § 38-802, and an omnibus motion incorporating the Brady motion and the § 38-802 motion to produce. These motions were heard at the commencement of the trial. Hence it cannot be said that the motion to produce was a pre-trial discovery motion.

The state urges that the movant is limited to obtaining exculpatory material, and that he must show that he was prejudiced by denial of access to the material sought. The requirement that the state produce, on motion, exculpatory material arose from Brady v. Maryland, supra. As the defendants here have maintained, sections 38-801 and 38-802 of our Code are unrelated to Brady, as is the requirement of showing prejudice.

Finally the state urges that if a notice to produce is available its constitutional use is limited to obtaining copy of the accusation and a list of witnesses. A notice to produce at trial a copy of the accusation and list of witnesses is unnecessary because the accused has the right to obtain those items on demand prior to arraignment pursuant to Code § 27-1403. Therefore we cannot agree that a notice to produce is available in criminal cases for the limited purpose of duplicating rights conferred by § 27-1403.

The state has failed to demonstrate any constitutional right, if any, which would be violated by affording an accused the right to use a notice to produce so as to require the production at trial of documentary evidence for use by the accused. Thus it appears that the words "insofar as consistent with the Constitution" contained in Code Ann. § 38-802 constitute a limitation on the state's use of Code Ann. § 38-801 more than a limitation on its use by an accused.

We do not decide here which books, writings, documents or tangible objects are or are not required to be

produced by the state pursuant to a notice to produce. We decide only that pursuant to Code Ann. § 38-802, subsection (g) of Code Ann. § 38-801 is applicable in criminal cases. The trial court's holding to the contrary therefore was error.

Our ruling on appellants' motion to produce renders it unnecessary to consider appellants' identical Brady motion. We have examined appellants' other enumerations of error and find them to be without merit. The sole error which occurred may be cured by a hearing in the trial court. If the trial judge determines that production should have been required and that the materials thus produced justify a retrial, a new trial must be ordered. The judgment therefore will be affirmed with direction that the trial court conduct a hearing to determine this issue, with leave granted to appellants to appeal within 30 days the trial court's order entered as a result of such hearing.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 20, 1976 — DECIDED DECEMBER 1, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*Keenan & Calcagno, Don C. Keenan, Robert Hardcastle,* for appellants.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.