## 55654. PHILLIPS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Michael S. Phillips, appeals his conviction of arson in the first degree. *Held:*

1. It is alleged that the trial court erred in limiting defendant's cross examination of the prosecutor. We do not agree. Defendant's former wife lived in a mobile home park. He visited her on the afternoon of July 3, 1976. The owner of the mobile home park had spoken to him about a prior incident in the park between the defendant and his former wife. The owner had observed another family preparing for a party by icing down a keg of beer in a tub that leaked. He moved the keg of beer out of the mobile home and returned to the park that night around midnight to observe the people who were having the party. He was trying to move them out of the park.

He saw a vehicle drive up to the mobile home of defendant's former wife. Someone went inside and turned on the lights — then left. When the car left it passed in front of the owner who turned his lights on the car and saw that it was defendant's car that had been there that afternoon. Shortly thereafter the mobile home burst into flames. It was a total loss.

Counsel for the defendant cross examined the owner extensively. The thrust of the examination was difficulties of the owner with present and former tenants who might have some reason to retaliate against him by burning one of his mobile homes. The owner detailed problems with tenants — including alcohol and drugs. A group which lived in four mobile homes had given him "so much trouble that we had to get rid of . . . [them.]" The witness resisted attempts of counsel to examine further into this. He admitted he "had a lot of trouble about that time because of . . . I've already told you why I wanted to get rid of the four families up there." The witness had previously stated that he had "moved four families out of there in one week on account of marijuana." When directed by the court to answer, the witness stated: "But I'm afraid to answer it."

The jury was excused and in chambers it was determined that the tenants referred to were involved

with marijuana and one criminal conviction arose out of it. A police investigator testified that a defendant in a drug case had stated to him that he would get the mobile home park owner who was responsible for his arrest. The owner's daughter was shot at and had to return to their home by crawling. The court refused further cross examination by defendant on this point.

We find no prejudice to the defendant from the procedure followed. The witness stated in open court that he had moved four families out of the park because of marijuana and that he was afraid. He specifically pointed out that he was not referring to the defendant. The court also instructed the counsel for defendant that if he had any evidence that some person other than the defendant was responsible for the fire, that he was free to bring it out.

Cross examination of witnesses is a matter within the control and discretion of the trial court and it will not be interfered with unless such discretion is manifestly abused. *Kaminsky v. Blackshear,* 108 Ga. App. 492, 495 (133 SE2d 441); *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895). Although the right to cross examination may be thorough and sifting, such right is not unlimited. *Young v. State,* 232 Ga. 285, 287 (206 SE2d 439). It should be "tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony." *Eades v. State,* 232 Ga. 735, 737 (208 SE2d 791). The gist of the expected testimony of this witness was placed before the court. It was stated that it did not refer to the defendant. The basis for the removal of the four families was placed in the record. We do not view the curtailment of further exploration into this matter as an abuse of discretion of the trial court. See *Whitley v. State,* 137 Ga. App. 68, 69 (223 SE2d 17).

2. A witness was asked if she knew the defendant and Ann Wilson, defendant's former wife, before July 4, 1976 — the date her mobile home was burned. She stated that the defendant was very jealous of Ann and if she went out with anyone he wanted to know where she was. On one occasion he was trying to locate Ann and made the statement that "he had burned one mobile home that Ann lived in and that he would burn another one." Defendant

objected and requested a mistrial. It was denied.

The defendant denied that he committed this offense of arson. Our Supreme Court has held on numerous occasions that evidence of other similar offenses committed by the accused, sufficiently close to the same locality and time, when similar methods are employed, is admissible for the purpose of identifying the accused and for showing intent, motive, plan, scheme, bent of mind and course of conduct. *Anderson v. State,* 222 Ga. 561, 563 (150 SE2d 638); *Atkins v. State,* 236 Ga. 624, 625 (225 SE2d 7); *Fears v. State,* 236 Ga. 660 (225 SE2d 4). The court did not abuse its discretion in admitting the voluntary statement of the defendant of a similar offense against the same victim.

3. The general grounds are without merit. The defendant first denied being in the mobile home park that evening. When told that he had been seen there he admitted he had driven through the park. Later he changed his story and admitted he had been in the mobile home that burned but denied that he set the fire.

4. The trial court did not err in refusing to permit counsel for defendant to comment in closing argument on matter which contravened the court's ruling addressed in Division 1 above.

5. Counsel for defendant filed a Motion to Produce, under Code Ann. § 38-801 (g) (Ga. L. 1966, pp. 502, 504; 1968, p. 1200) for various writings, statements, memoranda, stenographic recordings or transcriptions of statements of the defendant, prior criminal records of the state's witnesses, reports of law enforcement agencies relating to this offense, and reports of any scientific or other test, experiments or study made in connection with this case. The state did not respond and the trial court overruled defendant's motion without a hearing or argument by either side.

The state argues that defendant's "Notice to Produce is in reality a thinly disguised discovery motion under Brady v. Maryland, 373 U. S. 83 (1963)." We disagree. Code Ann. § 38-802 provides: "Section 38-801 shall apply to all civil cases, and, insofar as consistent with the Constitution, to all criminal cases." The Supreme Court, in *Brown v. State,* 238 Ga. 98, 101 (231 SE2d 65), held that

Code Ann. § 38-801 (g) "is applicable in criminal cases."

Code Ann. § 38-801 (g) provides for production *at trial* (*Brown v. State,* 238 Ga. 99, supra) of "books, writings or other documents or tangible things in the possession, custody or control of another party." In *Chenault v. State,* 234 Ga. 216, 221 (215 SE2d 223), the Supreme Court held that "[t]here is no Georgia statute or rule of practice which allows discovery in criminal cases." Shortly thereafter in *Jarrell v. State,* 234 Ga. 410, 418 (216 SE2d 258), they modified their earlier view to state: "[T]here is no statute or rule of procedure in force in Georgia governing *pre-trial* discovery in criminal cases." (Emphasis supplied.) Then in *Brown v. State,* 238 Ga. 98, supra, the Supreme Court discussed the difference between pre-trial discovery, a Brady motion to produce, and a motion to produce *at trial* under Code Ann. § 38-801(g).

The Supreme Court specifically refused to decide "which books, writings, documents or tangible objects are or are not required to be produced *by the state* pursuant to a notice to produce." *Brown v. State,* 238 Ga. 100, supra. (Emphasis supplied.) We also decline to rule upon which specific items are or are not discoverable under this statute. But, we will add one observation applicable to the ruling of the Supreme Court on the items *the state* can be forced to produce at trial. We find Code Ann. § 38-801 (g) is not a unilateral prescription. It is a two-edged sword. It cuts both ways. It applies not only to the obligation of the state to produce certain items, but also applies to "a party [who] desires to compel production of books, writings or other documents or tangible things in the possession, custody or control of another party. . ." Accordingly, the state has as much right to utilize this section as a defendant.

Because we have found the other enumerated errors to be without merit, this error may be cured by a hearing in the trial court. *Brown v. State,* 238 Ga. 101, supra. If the trial judge determines that production of some of the material should have been required and such material justifies a retrial, a new trial must be ordered.

In the absence of specific legislative or decisional case law on this issue, we commend the Federal Rules of Criminal Procedure, Rule 16 for guidance. In addition,

the ABA Minimum Standards for Criminal Justice on Discovery and Procedure Before Trial may be of assistance. Both references should be viewed under the constraints of Code Ann. § 38-801 (g). Moreover, because permissible discovery of a prosecutor's files is fraught with possible serious consequences this duty is not to be treated lightly and we will add one cautionary reference. Chief Justice Kingsley A. Taft, Supreme Court of Ohio, Member of ABA Advisory Committee on Pretrial Proceedings, said of these discovery standards: "My fear was that law enforcement would be hampered by the requirements of [section 2.1(a)(i)] because many intelligent persons would avoid becoming 'involved' as witnesses if they knew that their 'names and addresses' must be promptly given to counsel for an accused. . . Furthermore, I believe that the efforts of law enforcement personnel would be hampered if they could not record what they thought a witness had said with respect to a crime without running the risk of having what they so recorded made available to the one accused of having committed that crime. . . [T]here were three things which induced me to agree, even though reluctantly . . . (1) It was limited to those 'whom the prosecuting attorney intends to call as witnesses.' (2) Only 'their relevant written or recorded statements,' and not also . . . 'oral statements,' were to be given. (3) Section 4.4 would provide a means of delaying disclosure under § 2.1(a)(i), that could and probably would be used by most courts to protect prospective witnesses where such protection seemed desirable." Tentative Draft, ABA Minimum Standards for Criminal Justice Relating to Discovery and Procedure Before Trial, p. 133. We do not now adopt these standards but cite them to the trial judiciary for whatever merit they care to give them.

The judgment therefore will be affirmed with direction that the trial court conduct a hearing to determine the issue of failure to produce the items requested, with leave granted to appellants to appeal within 30 days the trial court's order entered as a result of such hearing. See *Brown v. State,* 238 Ga. at 101, supra.

*Judgment affirmed with direction. McMurray, J., concurs. Webb, J., concurs in the judgment only.*

ARGUED APRIL 5, 1978 — DECIDED JUNE 27, 1978.

*James Horace Wood, Walter B. Harvey,* for appellant.
*Nat Hancock, District Attorney, L. Elizabeth Lane, Richard J. Burkett, Assistant District Attorneys,* for appellee.