## 56746. PORTER et al. v. THE STATE.

BIRDSONG, Judge.

Jerry Lee Porter and Billy Ray Keegan were convicted of armed robbery and each sentenced to life imprisonment. They bring this appeal enumerating 16 alleged errors. *Held:*

1. In their first enumeration of error, appellants raise the general grounds. In substance, the evidence shows that the appellants unlawfully entered a home in Gainesville for the purpose of committing a burglary. During the course of the burglary, Keegan, with stolen property in his hands, encountered an occupant of the house and forced the occupant into submission by pointing a pistol at him and threatening to shoot him if he did not remain in a shower stall with his face to the wall. As the two appellants Porter and Keegan were fleeing the house with burgled goods in their possession, they were further observed by the mother who lived in the home and two more of her children, the first occupant having been her oldest son. In addition, the appellants were observed by a police officer and two neighbors. Subsequently, each of these parties positively identified Porter and Keegan as the robbers. Appellants escaped without apprehension. Months later they were connected to a large-scale burglary ring. Based upon fugitive warrants, appellants and others were arrested and at the time of the arrest, a large quantity of stolen goods was recovered. Pictures of Keegan and Porter were shown on a television news report along with certain of the recovered property; a police officer in Gainesville saw the news report and

theorized a possible connection with the Gainesville robbery. The officer obtained pictures of Porter and Keegan and showed the pictures to the occupants of the burgled home and the eyewitness neighbors; Porter and Keegan were then identified as being the robbers. The owners and occupants of the burgled home offered evidence that the property taken had a value in excess of $19,000. The evidence conclusively supports a finding of guilt as to each appellant. The first three enumerations of error are without merit.

2. The fourth and fifth enumerations are concerned with denial by the trial court to grant portions of a motion to produce and for discovery of the same general evidence demanded in the motion to produce. In this case, the state gave its file to the defendants prior to trial and allowed them to peruse it. In addition, certain police investigatory reports were given to the trial court for its examination in camera. The remaining material demanded by appellants was not in the hands of the state. In this case the defendants were given more than that to which the law in this state entitles them. *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750); *Rini v. State,* 236 Ga. 715, 718 (225 SE2d 234); *Hicks v. State,* 232 Ga. 393, 394 (207 SE2d 30); *Phillips v. State,* 146 Ga. App. 423 (246 SE2d 438); *Davis v. State,* 143 Ga. App. 329, 330 (238 SE2d 289). These two enumerations are without merit.

3. In Enumerations 6 and 7, appellants complain that it was error for the trial court to refuse to suppress the evidence obtained in the search and seizure in Cobb County as well as the resultant pictorial identifications made by the victims and eyewitnesses or to quash the in-court identifications as a product of the alleged improper search and seizure. The state never addressed the propriety of the Cobb County search simply indicating that the arrests were made upon fugitive warrants. The state did not introduce any of the evidence recovered in Cobb County and indicated that intent to defendants prior to trial. The trial court did not suppress any of the evidence because there was nothing to suppress. The pictures were obtained as the result of proper arrests based upon fugitive warrants and the in-court identifications were unequivocally based upon the

personal exposure of the witnesses to the appellants at the time of the crime and not upon pictures shown to the witness prior to trial. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401); *Heyward v. State,* 236 Ga. 526 (224 SE2d 383); *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810); *Talley v. State,* 137 Ga. App. 548, 551 (224 SE2d 455). These enumerations likewise lack merit.

4. Enumerations 8, 11 and 14 complain of the failure of the trial court to declare a mistrial on three separate occasions. Enumeration 8 urges that the trial court erred in allowing the state to mention to the jurors that it was not seeking the death penalty and refusing to give curative instructions. First, we note that appellants did not move for a mistrial at this point. This renders this enumeration meritless. *Favors v. State,* 145 Ga. App. 864, 867 (4) (244 SE2d 902). Furthermore, the ground of the objection was not based upon a proper ground; therefore, no error was committed by the trial court, or by the state in declaring that the state was treating the offense as non-capital. *Williams v. State,* 238 Ga. 244 (232 SE2d 238). The other two motions for mistrial were made, one at the conclusion of the state's evidence and the other following the charge of the court and were based upon the same grounds asserted in the other enumerations of error. As we have found those grounds to be meritless, the denial of the motions for mistrial was not error. These three enumerations of error do not require a new trial.

5. It was not error for the trial court on motion of the state to allow the prosecuting witness, a police investigator, to remain in the courtroom and assist the prosecutor and thereafter, also on motion of the state, to testify after other witnesses for the state had testified. *Powell v. State,* 142 Ga. App. 641, 642 (236 SE2d 779); *Baker v. State,* 143 Ga. App. 302, 305 (6) (238 SE2d 241). There is no merit in this enumeration.

6. In their tenth enumeration of error, appellants allege that it was prejudicial error to allow a police witness to testify to other crimes and thereby unlawfully place their character into evidence. The police officer in question was on cross examination and gave a responsive answer to a question propounded by counsel for appellants. The witness had stated that the tag number of

the car seen driving away from the burgled house had been obtained but not the tag's state or origin. The officer indicated that he had been unsuccessful in learning the identity of the vehicle. Then he was asked if he had made any follow-up. The answer was that a car of the same type and color and bearing an out-of-state tag had been involved in other burglaries causing the officer to believe that the same car had been involved. At no time did the officer say that appellants' car or that the appellants were in fact involved in other burglaries. We do not believe that the responsive answer placed the character of either appellant into issue. But even if it did so minimally, appellants having induced the answer are in no position to complain. See *Cherry v. State,* 220 Ga. 695, 696 (3) (141 SE2d 412); *Thomas v. State,* 213 Ga. 237, 239 (98 SE2d 548). There is no merit in this contention.

7. In enumeration of error 13 appellants argue that the trial court curtailed their right to argue the inferences arising from the failure of the state to introduce any of the items stolen from the burgled home by sustaining an objection to appellants' counsel's reference thereto. They also urge that the comment of the prosecutor to the effect that the argument was improper and deliberately so, prejudiced their rights. We note that counsel for appellants was aware that evidence of the stolen property was not going to be introduced by the state. Furthermore, in an armed robbery charge, it is necessary to show only that items of value belonging to someone other than the defendant were taken from the person by use of an offensive weapon, and without the consent of the owner. *Woodall v. State,* 235 Ga. 525, 533 (221 SE2d 794). Thus, the nomenclature or value of the individual items had little probative value. Even assuming that argument was erroneously curtailed, it is highly improbable that exclusion of the point desired to be made by appellants' counsel contributed in the slightest degree to the verdict of the jury. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We find this enumeration to be without merit.

8. Likewise, there is no merit in the contention that a directed verdict should have been granted because ownership was not proved. There was evidence that property not belonging to the appellants was taken and

that it belonged to persons residing in the house burgled. This is sufficient evidence of ownership to withstand a motion for directed verdict. See *Spurlin v. State,* 222 Ga. 179, 182 (7) (149 SE2d 315).

9. Appellants urge in enumeration of error 15 that their sentences to life imprisonment are excessive. Any question as to the excessiveness of sentence, which in this case was within legal limits, should be addressed to the appropriate sentence review panel. *Chandler v. State,* 143 Ga. App. 608, 609 (5) (239 SE2d 158).

10. The final enumeration of error contends that the trial court erred in denying the amended motion for new trial. The issues raised therein are all discussed in this opinion. For the reasons stated herein, it was not error for the trial court to deny the amended motion for a new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 12, 1978 — DECIDED NOVEMBER 7, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Brannon, Brannon, Hardman & Brannon, William S. Hardman,* for appellants.

*Jeff C. Wayne, District Attorney,* for appellee.