## 57556. ROBINSON v. THE STATE.

SHULMAN, Judge

Appellant was tried for murder and convicted of voluntary manslaughter. On appeal, we affirm.

1. Appellant contends that the trial court erred in denying her motions for a directed verdict of acquittal and for a new trial on the general grounds, arguing that there was no evidence to support the jury's conclusion that she intended to shoot the deceased.

"After the jury has returned a verdict of guilty, and the defendant seeks a reversal of [her] conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or denying a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is any evidence to support the verdict." *Watts v. State,* 239 Ga. 725 (1) (238 SE2d 894).

As there was evidence authorizing the jury to conclude that appellant acted with intent to shoot the deceased, the trial court did not err in overruling appellant's motion for a directed verdict or for a new trial on the general grounds.

2. Appellant contends that the trial court erred in failing on its own motion to declare a mistrial on the grounds that the rule of sequestration had been violated.

Pretermitting whether the rule of sequestration had been violated, as appellant failed to move for a mistrial, the complained of actions of the trial court cannot be considered as grounds for reversal on appeal. *Key v. State,* 146 Ga. App. 536 (4) (246 SE2d 723); *Hankinson v. State,* 129 Ga. App. 568 (2) (200 SE2d 315).

Moreover, even assuming there was a violation of the sequestration order and a proper objection thereto, this court will not disturb the trial court's administration of the rule of sequestration in the absence of a showing of an abuse of discretion. As appellant has failed to make such a showing, appellant's complaint is substantively without merit. *Watts v. State,* supra.

3. When the state claimed that it had been entrapped by its own witness, whose testimony at trial allegedly conflicted with a prior statement given by that witness to the police, the trial court permitted cross examination by the state. Contrary to appellant's contentions, we find no error in this ruling.

"Georgia law recognizes the right to impeach one's own witness when 'he can show the court that he had been entrapped by said witness by a previous contradictory statement.' Code § 38-1801. Recent decisions have broadly construed the right to impeach one's own witness under this section. *Ellenburg v. State,* 239 Ga. 309 (1) (236 SE2d 650) (1977); *Wilson v. State,* 235 Ga. 470 (219 SE2d 756) (1975). A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment. [Cit.]" *Thomas v. State* 239 Ga. 734 (3) (238 SE2d 888).

Appellant's contentions to the contrary notwithstanding, the trial court was justified in permitting the cross examination and impeachment of the witness.

4. Appellant contends that the trial court erred in refusing to charge the law on the lesser included crime of involuntary manslaughter. We disagree.

As appellant did not submit a written request to charge on the law of involuntary manslaughter, the trial

court's failure to so charge is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). See also *Morgan v. State,* 240 Ga. 845 (2) (242 SE2d 611).

5. Enumeration 6 is not supported by argument or authority. Therefore, it is deemed abandoned. *Brown v. State,* 146 Ga. App. 286 (3) (246 SE2d 370).

6. Contrary to appellant's contentions, the trial court did not err in allowing the jury to disperse during the trial under appropriate instructions, as the state did not seek the death penalty in this case. *Kessel v. State,* 236 Ga. 373 (7) (223 SE2d 811); *Dean v. State,* 238 Ga. 537 (3) (233 SE2d 789).

7. Appellant contends that her sentence is excessive. "Any question as to the excessiveness of a sentence, which in this case was within the legal limits, should be addressed to the appropriate sentence review panel. [Cit.]" *Porter v. State,* 148 Ga. App. 505 (9) (251 SE2d 574). See also *Spruell v. State,* 148 Ga. App. 99 (4) (250 SE2d 807). This enumeration is without merit.

8. In her last enumeration of error, appellant argues that she was denied effective assistance of counsel. We disagree.

"[T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515).

" 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, *and not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' " Id., p. 639.

The record reveals that defense counsel cross examined witnesses, objected frequently and presented appellant as a witness at both the guilt and sentencing phases of the trial. See *Dobbs v. State,* 235 Ga. 800 (4) (221 SE2d 576); *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335). "The fact that the case could have been tried differently on behalf of the defendant does not mean that [she] failed to receive a vigorous and competent defense." *Fortson,* supra. *Burns v. State,* 145 Ga. App. 357 (2) (243 SE2d 746).

As the foregoing enumerations of error are without

merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 3, 1979 — DECIDED
JULY 10, 1979.

*Grace W. Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.