## 61279. JAMES v. THE STATE.
## 61358. OVERSTREET v. THE STATE.

SHULMAN, Presiding Judge.

Defendants Vincent Overstreet and Lela James were charged with violating Code Ann. § 26-2801, cruelty to children. Upon trial by jury, defendant James, the mother of the 3-year-old victim, and defendant Overstreet were convicted of the offense charged. We affirm.

1. Relying upon *Crawford v. State,* 148 Ga. App. 523 (251 SE2d 602), defendant James asserts error in the trial court's refusal to grant her motion for severance. Defendant argues that her conviction rested solely upon her association with defendant Overstreet. Like the defendant in *Crawford,* defendant James asserts that although there may have been direct and affirmative evidence of defendant Overstreet's commission of the offense, the evidence against her showed "no more than possibly a passive involvement." Id.

The evidence does not support appellant James' claim of passivity. There was direct evidence (including defendant James' own testimony) that she pulled the child's hair with sufficient force to tear it from her head; that she grabbed the child and threw her across a porch; that she "whipped" the child with a belt, causing bruises on her buttocks and chest; and that on more than one occasion she

slapped the child's face with full force.

Although there was no direct evidence that defendant James was an active participant in some of the other tortures allegedly committed upon the child (e.g., there was some evidence of sexual abuse, second and third-degree burns on the child's buttocks, and burns on her back), we cannot agree, in view of the direct evidence of defendant James' commission of the acts delineated above (which clearly fall within the parameters of Code Ann. § 26-2801), that the evidence against her evinced only her "passive" involvement. There was sufficient evidence from which the jury could find defendant James guilty of cruel treatment, independent of her co-defendant. Her conviction was not the result or product of a spillover of evidence against defendant Overstreet. We therefore refuse to find error in the trial court's denial of defendant James' motion for severance.

Contrary to defendant James' contentions, defendant Overstreet's defense was not antagonistic to her defense. Overstreet claimed that the child's injuries, especially the burn mark on her buttocks, resulted from an accident. Defendant James also asserted that the injuries, which she did not explain as the product of permissible parental discipline, were accidental. Thus, defendant Overstreet's defense did not contradict the defense presented by defendant James.

Moreover, if we were to find their defenses antagonistic, the fact that the defenses of co-defendants jointly tried may be antagonistic does not in and of itself dictate the grant of separate trials. *Cain v. State,* 235 Ga. 128 (218 SE2d 856).

2. That defendant James did not commit all of the alleged acts of cruelty against the victim does not exonerate her from the offense charged. In view of the direct evidence of her mistreatment of the child, defendant James' complaints regarding the sufficiency of the evidence are not meritorious.

3. Both defendants complain of the state's impeachment of its own witness (the sister of defendant James), asserting that the state failed to lay a proper foundation for her impeachment.

When the witness answered that she had not seen defendant James "whip" the child, the assistant district attorney claimed surprise and sought to cross-examine the witness. The assistant district attorney explained to the court that the witness had made a prior inconsistent statement that she had seen the defendant James whip her child. The court overruled defense counsel's objection and permitted the state to cross-examine the witness. Upon cross-examination, the witness admitted that she had seen the whipping and that she had previously told counsel of such whipping.

" 'Georgia law recognizes the right to impeach one's own witness

when "he can show the court that he had been entrapped by said witness by a previous contradictory statement." Code § 38-1801 ... A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment. [Cit.]' " *Robinson v. State,* 150 Ga. App. 642 (3) (258 SE2d 294). In the instant case the state laid a proper foundation for the cross-examination and impeachment of its witness, and the trial court correctly permitted the state to ask leading questions of such witness.

4. Defendant Overstreet contends that the trial court improperly admitted certain testimony into evidence. Regardless of the admissibility of such testimony, any error in the admission of the complained of testimony was harmless, because other testimony of the same nature was admitted without objection. See, e.g., *Williams v. State,* 144 Ga. App. 130 (2) (240 SE2d 890); *Miller v. State,* 122 Ga. App. 553 (2) (177 SE2d 838).

*Judgments affirmed. Birdsong and Sognier, JJ., concur.*

· Decided March 4, 1981.

*Evita A. Paschall,* for appellants.
*Richard E. Allen, District Attorney, Steven L. Beard, Assistant District Attorney,* for appellee.