63831. SLAUGHTER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted (along with her co-defendant), but separately tried and convicted of the offense of theft by taking (28 rings, the property of a jewelry store) and thereafter sentenced to serve eight years (the first five years in confinement and the balance, three years, probated). Her motion for new trial, as later amended, was filed, heard and denied. Defendant appeals. *Held:*

1. The co-defendant who testified for the state as an accomplice, stated that he, another named male and the defendant entered the jewelry store with larceny on their minds "to do a little shoplifting and boosting." The defendant's job was to distract the salesperson, which she did while they were "raising the top to the jewelry case," with small screwdrivers and took "the jewelry from the case," thereafter leaving the establishment. The defendant testified, admitting her presence in the jewelry store on the day of the theft, having been previously advised by the named co-defendant (accomplice) that if she wanted to catch her boyfriend (the other accomplice) with another girl friend to come to downtown Fort Valley, which she did, and saw the co-defendant and defendant's boyfriend go into the jewelry store, followed them in the jewelry store but did not see the girl friend, and she made a purchase while she was in the store; denying, however, that she was in any way an accomplice in any theft. Defendant's own testimony is sufficient to corroborate

the accomplice's testimony with reference to the theft. The corroborating evidence need not be itself sufficient to convict. See *Jones v. State,* 139 Ga. App. 643, 646 (3) (229 SE2d 121); *West v. State,* 232 Ga. 861, 864 (2) (209 SE2d 195). The evidence was such that the jury was authorized to accept the defendant's testimony that she was present in the jewelry store at the time of the theft as shown by other evidence, rejecting her other testimony as to the purpose of her presence in the jewelry store at that particular point in time.

After careful examination of the record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt of the offense of theft by taking (a conspirator and accomplice aiding and abetting in the theft). *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). The enumerations of error complaining that the evidence was insufficient to convict are not meritorious.

2. It is within the trial court's discretion to grant witnesses exceptions to the rule of sequestration. See *Pless v. State,* 142 Ga. App. 594, 598-599 (4) (236 SE2d 842). One of the recognized exceptions is where the district attorney states he needs the assistance of the investigating officer in the presentation of the case. *McCranie v. State,* 151 Ga. App. 871, 875 (5) (261 SE2d 779). The assistant district attorney here stated in his place he needed the assistance of the investigating officer in the presentation of the case and that the presentation of the evidence would be disjointed if he were required to call him as his first witness. Under the circumstances the trial court did not err in granting this witness an exception to sequestration. See such cases as *Disby v. State,* 238 Ga. 178, 179 (1) (231 SE2d 763); *Martin v. State,* 151 Ga. App. 9, 10-11 (3) (258 SE2d 711); *Porter v. State,* 148 Ga. App. 505, 507 (5) (251 SE2d 574). We find no merit in the enumeration of error inasmuch as we find no abuse of discretion.

3. The trial court did not err in allowing, over objection, the in-court identification of the defendant as a "person very similar to her," (the female accomplice, making a purchase at the time of the theft). See *Price v. State,* 159 Ga. App. 662 (284 SE2d 676). We note here that the defendant admitted her presence in the jewelry store at the approximate time of the theft by the accomplice who testified against her.

4. The admissions of the defendant in her statement to the investigating officer which were both exculpatory and inculpatory in nature as testified to by the investigating officer were properly allowed in evidence, the trial court having determined the statement

was voluntarily made after the defendant was properly advised of her Miranda rights. A prima facie showing was made as to these admissions in a separate Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing, and the defendant's contravention does not require the suppression of the statement. See *Simonton v. State,* 151 Ga. App. 431, 433 (5) (260 SE2d 487). This evidence was sufficient to authorize the trial court to charge the jury the law surrounding admissions. There is no merit in the enumeration of error as to this charge by the court.

5. The trial court properly admitted as exhibits certain photographs made by the store's automatic security camera since testimony showed that these pictures accurately portrayed the interior of the store and the theft as it took place. See Code § 38-201; *Evans v. State,* 70 Ga. App. 500 (1) (28 SE2d 671); *Craft v. State,* 154 Ga. App. 682, 684 (2) (269 SE2d 490).

6. The trial court did not err in failing to charge Code Ann. §§ 26-603 and 26-606 (Ga. L. 1968, pp. 1249, 1269, 1270) as to the presumption that the acts of a person of sound mind and discretion are presumed to be the product of the person's will and that every person is presumed to be of sound mind and discretion but that both of these presumptions may be rebutted. No written request was made that such instructions be given nor were they necessary to the jury's understanding of the case. See *Johnson v. State,* 142 Ga. App. 526, 527 (3) (236 SE2d 493). There is no merit in the complaints that the trial court erred in failing to charge these presumptions and erred in charging that a person will not be presumed to act with criminal intention, but the trier of facts, the jury, may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted, which instruction was more favorable to the defendant than the state. The instructions as given (considered along with the failure to give the above presumptions) in no way instructed that the burden of proof automatically shifted to the defendant so as to be harmful in any manner.

7. The trial court did not err in instructing the jury as to direct and circumstantial evidence and that to warrant a conviction on circumstantial evidence, "the proved facts must not only be consistent with the hypothesis of guilt, but they must exclude every other reasonable hypothesis, save that of the guilt of the accused," and that the true test is "whether or not the evidence is sufficiently strong to satisfy your minds and consciences to a reasonable and moral certainty and beyond a reasonable doubt of the defendant's guilt." The charge was not harmful to the defendant but more favorable to her than to the state as there was direct evidence

connecting this defendant to the crime. There is no merit to this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 15, 1982.

*Jeffrey L. Grube,* for appellant.
*Willis B. Sparks, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.