## 65655. BUNCH v. THE STATE.

POPE, Judge.

Defendant was indicted, tried and convicted of three counts of burglary and was sentenced to twelve years. He asserts three enumerations of error: "(1) The verdict is unsupported by the evidence and contrary to the principles of law and justice; (2) The trial court erred to the substantial prejudice of the [defendant] in his charge to the jury; (3) For the reasons above cited the trial court erred in overruling [defendant's] Motion for New Trial." His total argument is: "The evidence in the record of this case does not support the conviction of Burglary. The verdict is without evidence to support it and is against the weight of the evidence presented." He follows this argument with a conclusion stating: "Considering the whole of the evidence presented, it is respectfully suggested that this case is one which merits thorough consideration by the Court of the possibility of reversal. It is respectfully urged that the Court consider the possibility of reversal of this conviction, and that the same be reversed."

1. The general grounds are without merit. The evidence was ample to satisfy the requisites of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Defendant was implicated by his two accomplices whose testimony was corroborated by his own confession (which he attempted to refute at trial). See *Slaughter v. State,* 162 Ga. App. 136 (1) (290 SE2d 338) (1982). Further corroboration was provided by the testimony of the managers of two of the farm supply stores burglarized and an employee of the third, as well as the investigating officers.

If there is any independent evidence identifying an accused as a participant in the alleged crime, or other independent evidence probative of guilt, it is for the jury to decide whether that evidence sufficiently corroborates the testimony of an accomplice. *Gunter v. State,* 243 Ga. 651 (2) (256 SE2d 341) (1979); *Hall v. State,* 162 Ga. App. 713 (3) (293 SE2d 862) (1982). The verdict evinces that the jury found the corroborating evidence sufficient and we concur.

2. Defendant's second enumeration of error has been abandoned. See Court of Appeals Rule 15(c)(2). Defendant's third enumeration of error presents no issue for review.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983.

*Robert Simmons Lanier, Jr.,* for appellant.

*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.