## 74513. DOE v. STATE OF GEORGIA et al.
### (364 SE2d 78)

McMurray, Presiding Judge.

On April 28, 1986, a search warrant was issued for the seizure of blood and urine specimens which the Rockdale County Hospital had taken from the body of John Doe on February 27, 1986. Two days later, the hospital filed a "motion to quash" the search warrant on the grounds, inter alia, that the specimens constitute confidential information which is protected by federal regulations governing the records of alcohol and drug abuse patients. John Doe joined the battle via a "motion to intervene and motion to quash." Therein, he asserted that the warrant was constitutionally defective and that it violated his Fourth Amendment rights. He also asserted that the specimens constituted confidential information which could not be seized in the absence of compliance with federal regulations. On May 9, 1986, the trial court determined that John Doe did not have standing to quash the search warrant. The court pointed out that he could move to suppress the fruits of the search at a later time if such a motion became necessary. With regard to the hospital, the trial court stated that in order to obtain the specimens, the State should comply with the federal regulations set forth in 42 CFR Section 2.1 et seq. (confidentiality of alcohol and drug abuse patient records).

Thereafter, on May 15, 1986, the State filed an "application for court order to authorize disclosure of hospital records." Following a hearing upon the State's application, the trial court determined that the federal regulations do not apply after all. On November 24, 1986, the court granted the State's application and directed the hospital to

comply with the search warrant. The trial court certified its order for immediate review and John Doe made application for interlocutory appeal. The application was denied by this court on January 2, 1987. In the meantime, John Doe filed a notice of appeal and this direct appeal followed. *Held:*

1. We are without jurisdiction to entertain this appeal and it must, therefore, be dismissed. We find no provision in the laws of this State authorizing an attack upon a search warrant which has not been executed (i.e., where no evidence has been seized pursuant to the warrant). Moreover, appeals from orders overruling such attacks have not been authorized. See generally *B.T. Productions v. Barr*, 388 NYS2d 483, 486 (1976). Of course, when evidence is seized pursuant to the execution of a search warrant and it is unlawfully seized, a motion to suppress will lie. OCGA § 17-5-30 (a). But such a motion is not ripe unless evidence is obtained pursuant to the warrant. In the case sub judice, no evidence has been obtained pursuant to the search warrant. Accordingly, any attack upon the warrant must be deemed premature.

Even if we construed appellant's attack upon the search warrant as a motion to suppress, we would still be compelled to dismiss this appeal. An order denying a motion to suppress cannot be appealed directly. Such an order is not a final judgment and must be reviewed under the interlocutory appeal procedure. *Holton v. State*, 173 Ga. App. 249 (326 SE2d 240); *Cody v. State*, 116 Ga. App. 331 (157 SE2d 496). Compare OCGA § 5-7-1.

2. The motion to assess a frivolous appeal penalty is denied.

*Appeal dismissed. Birdsong, C. J., Deen, P. J., Sognier and Pope, JJ., concur. Deen, P. J., and Pope, J., also concur specially. Banke, P. J., and Carley, J., concur specially. Benham and Beasley, JJ., dissent.*

BANKE, Presiding Judge, concurring specially.

I do not believe that a superior court would be powerless under any circumstances to prevent the execution of an unlawfully issued search warrant, although it would be the rare case indeed in which the opportunity for such judicial intervention would exist. Moreover, I believe the issuance of the search warrant under consideration in this case was totally inappropriate. What could be more outrageous than the prospect of law enforcement officers rummaging through the confines of a legitimately run hospital in an attempt to locate a blood, urine, or tissue sample left behind by a suspect who was once treated there?

Under Georgia law, the appropriate tack for the state to have taken in this case would have been to obtain a subpoena duces tecum ordering the production of the particular blood and/or urine sample

in question in connection with a grand jury proceeding. See generally OCGA § 24-10-22; *In re Lester*, 77 Ga. 143 (e) (1886). The use of a notice to produce pursuant to OCGA § 24-10-26 would be inappropriate because that statute applies only to "books, writings, or other documents or tangible things in the possession, custody, or control of *another party*. . . ." See generally *Phillips v. State*, 146 Ga. App. 423 (5) (246 SE2d 438) (1978). (Emphasis supplied.)

Nevertheless, I agree that the present appeal should be dismissed, due to the appellant's lack of standing to challenge the proposed search. The hospital obviously does not belong to him, nor is he staying there any longer. Consequently, there would appear to be no basis upon which he could assert a violation of *his* Fourth Amendment rights in connection with the proposed search.

I am authorized to state that Presiding Judge Deen, Judge Carley and Judge Pope join in this special concurrence.

BEASLEY, Judge, dissenting.

This case is rife with procedural issues, but they need not be addressed in order to reach the point of dissent.

The appeal does not involve a pending criminal prosecution in which items seized are challenged as having been unlawfully seized. Nor is it simply an appeal from an order authorizing the execution of a search warrant. It is much more. It is an appeal from an order in a proceeding brought by a hospital to challenge a search warrant authorizing any law enforcement officer to search hospital premises to look for and seize the bodily substances removed from a car passenger, John Doe, two months earlier when he was brought to the hospital as a victim in a collision. The order appealed from does not allow the execution of the warrant in that it does not authorize officers to search the hospital for the blood and urine specimens sought. Instead, it purportedly allows execution of the search and seizure warrant by requiring the hospital to produce and turn over to the state's agents those specimens.

This far exceeds the office of a search warrant. There is a big difference between overruling a motion to quash a search warrant and allowing law enforcement officers to proceed with a search for specified items, on the one hand, and ordering the owner of premises to locate and surrender sought items, on the other hand.

The trial court's basis for requiring such a bringing forth and relinquishment of the specimens taken in connection with the emergency-induced medical treatment is the granting of a state's application under 24 CFR § 2.1 et seq., especially section 2.65, which authorizes the disclosure of otherwise confidential information from patient records under certain circumstances. Yet the court ruled in the order that the cited federal regulations did not apply to these

specimens. The court had recognized the standing of the patient to challenge the so-called "disclosure," i.e., the relinquishment by the hospital of his specimens, as targeted by the state pursuant to the federal regulations application procedure. It is the patient here who seeks to protect the confidentiality of his specimens in the possession of the hospital. He asserts that the federal regulations do apply and that the object of the "search" cannot be reached without a divulgence of his confidential patient records which will yield the identity and precise whereabouts in the hospital of his specimens. Thus the issue is whether or not they apply, a question which is ripe and properly raised. The hospital has filed a brief siding with the patient, fearful that its use of the records to locate and produce the specimen without a federal regulation order, or its assistance to the law enforcement officers for such use, would violate the federal regulations, but it did not file a notice of appeal.

In addition, the search warrant had been quashed earlier by the court on the hospital's motion, with the court's qualification that it is quashed "solely to the extent that the state, seeking production of the bodily substances, must petition for a court order for production of those substances in accordance with 42 CFR Section 2.1 et seq. . . ." The court subsequently concluded that the federal regulations did not apply. This left the search warrant, issued almost seven months earlier, unexecuted. Even if it was only conditionally quashed, and even if it was not infirm for staleness, it could do no more than authorize search of the hospital for specimens. This, as shown by the record, would require a search of patient records to ascertain the identity of the precise specimens of John Doe and then their precise location. This runs headlong into the federal protection of confidential patient records which may be governed by 24 CFR 2.1 et seq.

To require the hospital to identify, locate, and produce the specimens in response to the April 1986 search warrant may be a practical solution. But whether it is a legal one is the question before this Court.

The issues raised on appeal should be addressed, else the rights of confidentiality, if any, sought to be protected by the patient will have evaporated. It is patent that a later motion to suppress, should the specimens constitute or lead to incriminating evidence resulting in a criminal prosecution, will be totally ineffectual in protecting the rights asserted at this stage when the state is seeking evidence which may or may not authorize criminal prosecution. The federal regulations, if they apply, will have been irretrievably violated.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 17, 1987 — 

*Victoria D. Little*, for appellant.
*John T. Strauss, District Attorney, Harger W. Hoyt, Assistant District Attorney*, for appellees.