### 36483. FULTON COUNTY EMPLOYEES PENSION BOARD *et al.* v. ASKEA.

TOWNSEND, J. 1. Where a legislative act is plain, unambiguous and positive, and not capable of two constructions, the act must be taken to mean what it says, and judicial interpretation is forbidden. *Board of Tax Assessors of Decatur County* v. *Catledge*, 173 *Ga.* 656 (160 S. E. 909) ; *Floyd County* v. *Salmon*, 151 *Ga.* 313 (106 S. E. 280) ; *Gazan* v. *Heery*, 183 *Ga.* 30 (1) (187 S. E. 371, 106 A. L. R. 498).

2. A provision of the Fulton County Pension Law (Ga. L. 1941, p. 843 as amended by Ga. L. 1947, p. 631) as follows: "Any such officer . . . who is not otherwise entitled to a pension under this law and who has been in the active service and on the payroll of said county for ten (10) years or more . . . *and whose health during said period of service becomes totally and permanently impaired* by reason of injury, ill health, age

or infirmity, shall . . . be entitled" etc. (italics ours), refers to an employee who, while meeting the other qualifications, is retired because of ill health. Such provision is not applicable where, as here, it appears that the reason for the employee's retirement was not ill health but a legislative enactment relating to age qualifications without regard to health.

3. A provision of the Fulton County Pension Law (Ga. L. 1941, p. 843 as amended by Ga. L. 1949, p. 869) as follows: "All members shall be retired effective at the end of the calendar year in which they respectively attain the age of 70 years. . . . Every member so retired on account of age and not otherwise entitled to a pension under said Act as amended, shall receive a pension . . ." etc., applies to all persons otherwise qualified who suffer compulsory retirement under this act because of having reached the age of 70 years, regardless of the length of their term of service prior to that time, and receive a pension computed according to the formula set forth therein.

4. The present action for declaratory judgment to determine under which provision of the act the plaintiff's pension shall be computed does not contemplate a situation where an employee, by reason of both ill health and age, might simultaneously become eligible under both provisions hereinabove quoted. Where, as here, the sole cause of retirement is that the employee has reached the mandatory retirement age, the provisions of the act of 1947 do not apply and the pension must be computed under the amendment of 1949, according to the plain and unambiguous wording of the statute.

The trial court did not err in entering judgment in favor of the plaintiff.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957—REHEARING DENIED FEBRUARY 6, 1957.

*Harold Sheats, Martin H. Peabody,* for plaintiffs in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Claude R. Ross,* contra.