37447. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* TUCKER.

Decided January 23, 1959—Rehearing denied
February 3, 1959.

56

*George S. Carpenter, Jr., Erwin Sibley,* for plaintiff in error.
*James M. Watts,* contra.

*Charles J. Bloch, James M. Sibley, Spalding, Sibley, Troutman, Meadow & Smith, Cumming, Nixon, Eve, Waller & Capers,* as amicus curiae.

QUILLIAN, Judge. ■ The railroad company demurred generally to the petition and insists the petition set forth no cause of action because its averments affirmatively revealed the plaintiff had no right to bring the suit.

The plaintiff mother sued for the homicide of her four-year-old daughter, and the action was brought under the provisions of Code (Ann.) § 105-1307 which confers upon parents the right to sue for the value of the lives of children, prescribes the manner in which the right vests and the limitation upon the rights of the parents to institute suits of that nature.

It is the railroad company's position that Code (Ann.)

§ 105-1307 permits the parent to sue for the value of the child's life, only in the event the child has attained marriageable age, that is the age when marriage may be lawfully contracted. The Code section reads: "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. In suits by the mother the illegitimacy of the child shall be no bar to a recovery."

The railroad company in a splendidly prepared brief recites rules and cites numerous authorities applicable to the construction of an ambiguous law. The discussion of these matters we have read with interest, but they have no application to the above quoted Code section, which is couched in plain, unambiguous and explicit language. It needs no interpretation for its meaning is plain and susceptible to no other meaning than that its language expresses with perfect clarity.

The ancient rule frequently repeated in reported cases is that where the language of a statute is plain, it is not open to construction. *Standard Oil Co. of Ky.* v. *State Revenue Commission*, 179 *Ga.* 371, 375 (176 S. E. 1); *Twentieth Century-Fox Film Corp.* v. *Phillips*, 76 *Ga. App.* 825 (3) (47 S. E. 2d 183); *Fulton County Employees Pension Board* v. *Askea*, 95 *Ga. App.* 77 (97 S. E. 2d 389). Had the Code section been ambiguous the question of its meaning would not be open for decision, since in the case of *Porter* v. *Lassiter*, 91 *Ga. App.* 712 (87 S. E. 2d 100) it was held that a parent had the right, under its provisions, to sue for the death of an unborn child.

Obviously the only exception to the right of the parent to bring an action for the value of the child's life has no reference to the child's age, but simply provides that in the event the child is married his wife and children have the exclusive right to sue for the value of his life. The statute does not provide any other limitation upon the right of the parent to sue for the value of the child's life and no other exception can be read into it.

■ We have carefully reviewed the rulings of the trial court on the special grounds of demurrer directed against the several paragraphs of the petition. These demurrers, not argued in the

brief of counsel for plaintiff in error, but insisted upon generally, asserted that the paragraphs attacked were vague and constituted mere conclusions.

The brief of the amicus curiae suggests that the provisions of Code (Ann.) § 105-1307 do not provide a measure of damages that can legally be applied in assessing damages for the death of a child of tender age, because the Code section does not prescribe a manner in which the exact value of the child's life can be ascertained. The fallacy of the argument is apparent. The familiar postulate of the law of evidence is "mathematical certainty is not attainable in legal investigation; the law neither expects nor requires it." There is no suggestion in the Code section that the parents of the child be permitted to recover for mental anguish, and the petition does not predicate the right of recovery in this case on that premise.

*Judgment affirmed.* *Felton, C. J., and Nichols, J., concur.*