## 49078. SEANEY & COMPANY, INC. v. KATZ.

PANNELL, Judge.

The facts here are immaterial. Briefly, the parties entered into an oral contract for interior decorating services. Appellant subsequently terminated these services and dispute arose over the balance owed appellee. The jury found for the appellee. At the close of the evidence, and prior to final argument, appellant's counsel presented a written request to charge, and asked to be informed of the trial court's proposed action with respect to the request. It is alleged that the court refused. The actual presentation of the request and the court's reply were not reported by the court reporter. After the jury had retired, appellant's counsel discovered the omission and in an endeavor to confirm the court's alleged refusal, attempted to get the court to reiterate the alleged earlier refusal. A motion for new trial based on the failure of the trial court to inform counsel of its proposed action concerning the jury charges prior to argument as required by Code § 70-207 (b) was denied.

It is not necessary to determine from the trial judge's responses to counsel's bifurcated questions after the jury retired whether he intended to convey simply that he did not give the charge, or whether he admitted that he failed to advise counsel as to whether he would give the charge pursuant to the request so made. Assuming that the judge did not inform counsel of his intentions and that request to do so was made, no reversal would be required because of appellant's failure to show harm or substantial prejudice resulted. Code § 70-207 (b) is an adoption of Rule 51 of the Federal Rules of Civil Practice and decisions of federal courts are authoritative though not binding on the question of its construction. It has been held consistently by the federal courts that the failure to inform counsel of the court's proposed action on the refusal to charge is not reversible error per se, but that in order to warrant a reversal or new trial for failure to comply with this rule, prejudice must be shown. Dallas R. &c. Co. v. Sullivan, 108 F2d 581 (CCA 5) (1940); Levin v. Joseph E. Seagram & Sons, Inc., 158 F2d 55 (CCA 7) (1946), cert. den. 330 U. S. 835 (67 SC 971, 91 LE 1282);

Downie v. Powers, 193 F2d 760 (CCA 10) (1951); Gwinett v. Albatross S. S. Co., 243 F2d 8 (CCA 2) (1957), cert. den. 355 U. S. 828 (78 SC 40, 2 LE 41); Hardigg v. Inglett, 250 F2d 895 (CCA 4) (1957); Garland v. Material Service Corp., 291 F2d 861 (91 ALR2d 832) (CCA 7) (1961); Sablosky v. Paramount Film Distributing Corp., 137 FSupp. 929 (DC Pa.) (1955); Tyrill v. Alcoa S. S. Co., 185 FSupp. 822 (DC NY) (1960); Finkle v. New York, N. H. & H. R. Co., 26 FRD 9 (DC Conn.) (1960); United States v. 2,877.37 Acres of Land, 52 FSupp. 696 (DC Tex.) (1943).

The burden is on the complaining appellant to show that he was harmed and it was not shown in this case. Obviously the party not complaining, the appellee, does not have the burden of showing that the party complaining was not in fact harmed. Furthermore, the enumeration of error going to the failure to charge the request was not argued and thus was abandoned.

Nothing contained herein should be construed as placing our approval on the failure of a trial judge to comply with statutory requirements.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Quillian and Webb, JJ., concur. Deen, Evans, Clark and Stolz, JJ., dissent.*

ARGUED FEBRUARY 7, 1974 — DECIDED JUNE 28, 1974 — REHEARING DENIED JULY 18, 1974 —

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellant.

*Shulman & Shulman, Arnold Shulman, Alembik & Alembik, Aaron I. Alembik,* for appellee.

STOLZ, Judge, dissenting.

"In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the

jury, but shall instruct the jury after the arguments are completed. The trial judge shall file with the clerk all requests submitted to him, whether given in charge or not." Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

While the majority opinion "disapproves" of the trial judge's action, it affirms the case. In doing so, it has made the statute "a toothless tiger," "a fish that cannot swim," indeed, a law that it is not necessary to enforce. The statute makes it mandatory (using the word "shall") for counsel to give copies of his written request to opposing counsel. The statute likewise makes it mandatory (again using the word "shall") for the court to inform counsel of its proposed action upon the written requests prior to their argument to the jury. The majority argues that counsel has not shown that his case was harmed. The harm results anytime a litigant is denied a right that is given him by statute. This is particularly true where, as here, counsel has specifically sought information regarding the court's action, but was not given it. The majority cites a number of cases decided within the federal court system as persuasive, but not binding authority. Yet, the same line of cases holds that " 'an essential purpose of Rule 51 is to permit counsel to argue intelligently upon the evidence, within the framework of the applicable law, and also, by reason of advance notice as to the disposition of requests for instructions, to alert him to take appropriate exceptions following delivery of the charge.' " *Smith v. Poteet,* 127 Ga. App. 735, 742 (195 SE2d 213) and cit. The above quotation would seem to be sufficient to show the needed harm, if indeed such is required. In *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785), a case where witnesses were not sequestered pursuant to counsel's request, the Supreme Court, in a unanimous decision, stated, "It is no answer to the violation of the mandatory rule to say that the record does not show any harm to have resulted to the defendants because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears ... [citing many Georgia cases]."

The effect of the majority opinion is to emasculate Code Ann. § 70-207 (b). If this type of surgery is to be performed, let it be done by the General Assembly — the creator of the Act in question. For my part, I will have none of it, and respectfully dissent.

I am authorized to state that Judges Deen, Evans and Clark concur in this dissent.