*Brooks,* for appellee.

## 52089. PURITAN FASHIONS CORPORATION v. NAFTEL.

CLARK, Judge.

"Beware of counterclaims!" That caveat is emphasized in Continuing Legal Education courses for trial lawyers. The warning is based on experience.[1] The instant case confirms the wisdom of such admonition as this appeal is by an unhappy plaintiff who has been called upon to pay a judgment rendered in favor of a defendant on his counterclaim.

Puritan Fashions Corporation sued Naftel, its former employee, for $6,275.54 representing "sample merchandise received, not returned and not paid for."

In his answer defendant pleaded a general denial to the allegations of the complaint and included a counterclaim for $75,000 as unpaid commissions under the terms of his employment agreement as sales representative. The jury's verdict for $23,000 was for defendant and against plaintiff.

The dispute between the parties revolved around the meaning of a term, "New York Chain Groups." The employment agreement provided that no commissions were to be paid on sales to establishments within that category. Employee contended that certain named concerns were not "New York Chain Groups" and, therefore, he claimed commissions on net shipments by his employer to such concerns which went into his territory (Georgia, Alabama and Tennessee). These questioned orders had not been procured by this employee but were placed directly with the employer.

Counsel for appellant who were substituted for the

---

[1]A few examples are *General Tire &c. Co. v. Brown,* 46 Ga. App. 548 (168 SE 75); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (198 SE2d 420); and *American Oil Co. v. Floyd,* 136 Ga. App. 804 (222 SE2d 208).

original attorneys have stated their assertions of error in the form of ten legal issues which they have condensed for argument into three divisions. Our opinion will deal with their brief in this same tri-partite fashion.

1. The first attack alleges appellant was forced to trial on May 13, 1975, without an opportunity to complete discovery and that this ignored an outstanding order which had allowed plaintiff until June 7, 1975, to complete discovery. Upon this case being called for trial there was no motion for continuance nor any suggestion that there was need for further discovery.

"A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919); *Butts v. Davis,* 126 Ga. App. 311, 314 (4) (190 SE2d 595). "One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing. [Cits.]" *Rush v. Southern Property Management, Inc.,* 121 Ga. App. 360, 361 (2a) (173 SE2d 744).

Furthermore, the record discloses the passage of 13 months after a joinder of issue before trial. This was a sufficient period of time under the circumstances of this case to satisfy the reasonableness requirement of Code Ann. § 81A-140 (a). Appellant was not denied its right of discovery.

We therefore find no merit in this assignment of error.

2. Appellant's second division covering seven issues revolves around the testimony of a witness for defendant who was characterized by the trial judge as being an "expert." We deal separately with the appellant's assertions:

(A) After having stated his qualifications this witness during cross examination said "I speak as a layman." Obviously the witness did not intend to denigrate his capacity to testify concerning his qualifications, but was describing himself as a layman vis-a-vis a lawyer. "The question whether a witness offered as an expert is qualified to give his opinion upon a given subject under investigation is one for the court, and not for the witness. Hence the mere fact that the witness,

in his testimony, may disclaim to be an expert is no reason for refusing to allow him to testify as one." *Glover v. State,* 129 Ga. 717, 718 (9) (59 SE 816).

(B) Appellant's brief at page 14 points to the expression by this witness of "his willingness and dedication to do anything and his acts in doing just that." The words complained of were in response to a cross examination query as to the apparel salesmen's organization of which the witness was an official. His answer was "The aim of NAWCAS is to do anything to better the life of a traveling salesman, anything." (T. 297). This hyperbolic statement would not affect his qualifications as an expert witness but would go to the matter of his credibility and the weight to be ascribed to his testimony by the jury.

(C) Appellant contends that the witness lacked experience in the "couture industry." This referred to the plaintiff concern being engaged in the sale of high quality women's wear as contrasted with the work of the witness being in low-priced merchandise. This alone would not constitute disqualification. "An expert is one who by habits of life and business has a peculiar skill in forming an opinion on the subject in dispute. [Cits.]" *Sims v. State,* 40 Ga. App. 10, 13. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be interfered with." *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830).

3. The final division of the brief as to the remaining issues revolves around a careful examination of the record and lengthy transcript of the three-day trial. Appellant argues there is "no evidence or documents which either refute appellant's claim against appellee. . .nor any showing of 'net shipments' which would entitle appellee, on his counter-claim to additional commissions in excess of $11,542.52." Our study discloses that there is no merit to this contention. The employee denied being indebted for the amount claimed against him for his failure to return the samples. The verdict for $23,000 might well have taken into consideration a deduction from the amount sought by defendant in that the jury might have deducted the sum claimed by plaintiff for these samples in

482

determining the amount of the award. Who can know what motivates the unfathomable and unpredictable "doctors of doubt?"

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 6, 1976 — DECIDED APRIL 27, 1976.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Bartow Cowden, III,* for appellant.

*Katz, Tye & Weissman, Donald A. Weissman,* for appellee.