## 55281. SUPERIOR PAVING, INC. et al. v. CITADEL CEMENT CORPORATION.

ARGUED FEBRUARY 1, 1978 — DECIDED FEBRUARY 20, 1978.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellants.
*Owens & Hilyer, Kenneth R. Hilyer,* for appellee.

DEEN, Presiding Judge.

1. Various enumerations of error contend that the trial court erred in charging certain requests of the plaintiff and certain Code sections on the issue of fraud and deceit for the reason that there is no evidence that Garrett, president of the defendant corporation, acted fraudulently so as to incur individual liability in the nonpayment of the company debt. "It is not error for the court to charge in reference to a certain state of facts if there is some evidence to show their existence, even though the great preponderance of the evidence tends to show that the supposed state of facts did not exist." *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315) (1949). Garrett testified that he did not know what happened to the check made out jointly to the two corporations, but there was evidence it was not deposited in Superior's account. Although he did not sign the stop payment order, in his testimony he said he might have done so. The evidence was sufficiently in conflict to authorize the instructions on this issue, and also to authorize denial of Garrett's motion for directed verdict.

2. The court charged: "Plaintiff must prove his case by what is known as a preponderance of the evidence: that is, by evidence that a person with a reasonable and impartial mind would believe is stronger than the evidence of the defendant." Where the defendant offers no evidence, as here, we disapprove this paraphrase of Code § 38-106 which defines preponderance as the amount "sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." Where the defendant offered no evidence at all, an instruction that a preponderance of evidence is evidence "stronger than the evidence of the defendant" almost guarantees that *any* evidence offered by the plaintiff, as against zero evidence, must be considered a preponderance. This charge was error.

3. During the opening argument counsel for the plaintiff informed the jury that Superior Paving, Inc. had no assets, thus injecting its financial condition into the record for the evident purpose of laying a foundation for a personal judgment against its president. We cannot at

this point decide whether if such evidence were offered and objected to it might be admissible as tending to show a motive for fraudulent activities on the part of the defendant corporate officer. This is what opposing counsel contended was the purpose of the statement. The evidence on the trial indicated that Superior was no longer functioning as a business corporation but that it was not bankrupt, in that it had substantial accounts receivable and choses in action. We regard the flat statement, unsupported by evidence, that it had no assets as being extremely prejudicial to its president, Garrett, sought on the basis of fraud to be charged with individual responsibility for nonpayment of the debt. The court informed the jury that it "instructs you to completely disabuse your minds as to the remarks that counsel made with reference to the financial condition of Superior Paving, Inc." Whether this was a sufficient corrective action need not be decided as the case is being reversed for other reasons. We do regard the statement under the facts disclosed here as extremely prejudicial and are aware of the statement in Krulewitch v. United States, 336 U. S. 440, 453 (69 SC 716, 93 LE 790): "The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." See also *Lanier v. Lee,* 111 Ga. App. 876 (3) (143 SE2d 487); *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602 (6) (125 SE2d 556) (1962). On the other side of the issue: *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830) (1969).

*Judgment reversed. Smith, J., concurs. Banke, J., concurs in the judgment only.*