57536. PITTMAN v. U. S. SHELTER CORPORATION.

BANKE, Acting Presiding Judge.

The plaintiff in this eviction case won a directed verdict in the defendant's absence, and the defendant appeals.

The dispossessory affidavit and summons were served on the defendant on August 31, 1978. On September 8, 1978, the defendant filed her answer; and on September 15, 1978, she filed a set of interrogatories directed to the plaintiff, along with a notice to take the plaintiff's deposition. On the same day, she both filed and argued a "Motion for Expedited Discovery." The trial

court responded by entering an order directing the plaintiff to answer the interrogatories within five days and to make itself available for a deposition within that same period of time. The judge stated orally at the hearing that he intended to schedule the case for trial as "the last case for trial next week."

September 15, 1978, the date of the hearing on the "Motion for Expedited Discovery," fell on a Friday. On the following Monday, September 18, 1978, the case was called for trial. Neither the defendant nor her counsel was present; nevertheless, a jury was chosen, the plaintiff presented its case, and the trial judge directed a verdict in the plaintiff's favor. The defendant's subsequent motion for new trial was denied. *Held:* '

Under Code Ann. § 81A-140 (a), parties in all cases are entitled to a "reasonable time for discovery procedures ..." prior to the trial. The trial judge in this case evidently determined that five days was a reasonable time for the completion of discovery when he ordered the plaintiff to respond to the defendant's interrogatories and to submit itself to a deposition within that period of time. Once this written order was issued, the defendant had the right to rely on it unless and until it was vacated. The oral statement of the trial judge that "I'll put the case down as the last case for trial next week," could not have constituted such a vacation or modification of the written order. Thus, the trial court committed reversible error in calling the case for trial prior to the expiration of the 5-day period allowed in the written order for the completion of discovery.

The case of *Puritan Fashions Corp. v. Naftel,* 138 Ga. App. 479 (1) (226 SE2d 305) (1976), cited by the plaintiff, is not authority for a contrary result. There, 13 months passed between joinder of issue and trial; whereas, in this case only 10 days passed. Also, the appellant in that case was present at trial, yet failed to object or move for a continuance on the ground that he had not completed discovery, thereby waiving the objection.

As a result of the above ruling, the defendant's remaining enumerations of error have become moot and need not be considered.

*Judgement reversed. Underwood and Carley, JJ.,*

*concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 14, 1979.

Robert L. Goldstucker, Lawrence J. Ringer, Philip L. Merkel, for appellant.

Allen, Brown, Wright & Edenfield, Charles H. Brown, Susan E. Warren, for appellee.