## 59021. SAVAGE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of aggravated assault in that he did assault another with brass knuckles, a deadly weapon. He was sentenced to serve seven years in the penitentiary. His motion for new trial was filed, amended, and denied after a hearing. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in failing to adequately instruct the jury as to the elements of the crime of aggravated assault. The charge complained of is that the court charged only that a person commits aggravated assault when he assaults with a deadly weapon, that is, "when he assaults another with a deadly weapon." However, it is noted that the court further charged as to the difference between a greater offense and a lesser offense of aggravated assault and simple battery, and further that the defendant was charged with making an attack upon the victim "by using brass knuckles, and if you should find further that brass knuckles were a deadly weapon as alleged in the indictment, then, provided that the evidence and the law as given you in charge warranted, so warranted, you would be authorized to find the defendant guilty of aggravated assault."

It is noted that the defendant made no specific written request to charge as to the elements of aggravated assault. In the absence of a timely request, an omission to give a specific charge would not require a new trial. *Spear v. State,* 230 Ga. 74, 76 (1) (195 SE2d 397); *Hall v. State,* 241 Ga. 252, 257 (7) (244 SE2d 833). It is true the court must charge the general principles of law on questions raised by an indictment ("each substantive point or issue involved in the case"). See *Driver v. State,* 194 Ga. 561, 562 (1) (22 SE2d 83); *Patterson v. State,* 134 Ga. 264, 267 (3) (67 SE 816). However, we think the charge as a whole here was sufficient to adequately instruct the jury as to the crime of aggravated assault, that is, an assault with a deadly weapon thereafter explaining the differences between simple battery and an assault such as here with brass knuckles in which the court instructed the jury to

determine whether the brass knuckles amounted to a deadly weapon. See Code Ann. § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543). Furthermore, the trial court in its charge gave the definition of aggravated assault in the terms of Code Ann. § 26-1302, supra, and no error is shown. See *Zilinmon v. State,* 234 Ga. 535, 538 (6) (216 SE2d 830).

2. The trial court did not err in charging on the lesser offense of "for instance, simple battery." "The trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment . . ." *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354). The trial court did not err in charging the jury that there may be, and it is sometimes the case, that a lesser included offense occurred rather than the offense charged. "If, upon consideration of all the evidence and the law, you may find the defendant guilty of the lesser included offense of simple battery," that is, if you decide that the evidence is not sufficient to convict of aggravated assault. In giving this instruction the trial court did not comment on the evidence, as the court had instructed the jury that there might be "based on the evidence" a lesser offense of, for instance, simple battery. There is no merit in this complaint inasmuch as there was no impermissible comment during the charge as to what the evidence in the case might be.

3. During the cross examination of the victim she was asked the following question: "You had been beaten up before this occurred? You had been beaten before? Is that not correct?" To which, she answered, "Not really beaten." The objection by the state was sustained over the argument of defense counsel that he felt it was relevant in that "[s]ome of these scars could be from that prior incident." The victim witness responded, "No." However, counsel then was given the opportunity to thoroughly cross examine the victim as to any injuries she received in the alleged beating. It is noted that defense counsel did not attempt to ask about scars on her face which would be from a prior beating, and it cannot be said that the trial court erred in refusing to allow counsel for the defense to cross examine the witness about her facial scars. Testimony as to a prior beating would have been relevant

and the objection thereto was sustained in error. Code § 38-1705; *Ledford v. State,* 89 Ga. App. 683, 685 (80 SE2d 828). But counsel is not here urging the trial court's sustaining of the state's objection as error. The defense counsel did not attempt to ask the victim about the scars on her face as being from prior beatings. There is no merit in this complaint inasmuch as there was no question asked the witness in reference to scars, and he was thereafter allowed to examine her with reference to the incident in which she was beaten by the defendant and as to lack of broken bones and as to the loss of teeth. Her testimony was that her face was only swollen up real bad but as a result she did not receive any broken bones although she received one broken tooth. We find no reversible error here under the circumstances.

4. The last enumeration of error argued is that the trial court erred in allowing a witness to testify who was not on the list of witnesses given to defense counsel in response to his written demand for a list of witnesses pursuant to Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431). The assistant district attorney stated in his place that the evidence was newly discovered and that he had not been aware until another witness actually testified that the evidence (the brass knuckles) had been placed in the care of the witness he was now calling to testify. See *Foster v. State,* 145 Ga. App. 595 (244 SE2d 118). Counsel further stated that the only remedy that defense counsel was entitled to would be a right to interview that witness as a surprise witness to him and that he had previously viewed "these brass knuckles in the presence of" this witness. To which counsel for defense replied that he did not view the brass knuckles in the presence of the witness. Whereupon the assistant district attorney stated that during a recess immediately before this he had explained to counsel that this witness "has been right here during the recess, and he had full opportunity to interview him." Whether or not the evidence was newly discovered, the proper remedy by defense counsel would have been a motion for continuance and not to exclude the testimony. See *Baldwin v. State,* 137 Ga. App. 32 (223 SE2d 10); *Parham v. State,* 135 Ga. App. 315 (217 SE2d 493). It is not error to allow a witness to testify whose

name was not on the list of witnesses where that witness is called in rebuttal. *Mize v. State,* 240 Ga. 197, 199 (6) (240 SE2d 11); *Hearn v. State,* 145 Ga. App. 469, 470 (2) (243 SE2d 728). This enumeration of error is not meritorious.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted October 31, 1979 — Decided November 16, 1979.

*Derek H. Jones,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.