### 59936. GREENBRIAR DODGE, INC. v. MAY et al.

McMURRAY, Presiding Judge.

This has been delineated by defendants as a "bait and switch" case arising out of alleged acts declared to be unlawful under our consumer protection laws. See in this connection Code Ann. § 106-1203 (Ga. L. 1975, pp. 376, 378; 1978, pp. 2001, 2002).

On September 7, 1978, Russell and Irene May purchased a 1978 Dodge Diplomat demonstrator from Greenbriar Dodge, Inc. The next day, September 8, 1978, they began efforts to rescind the transaction and return the automobile. They claimed, and still claim, extreme dissatisfaction with the price and condition of the automobile and with the manner in which Greenbriar effectuated the sale of the vehicle to them by the use of the so-called "bait and switch" routine.

On October 9, 1978, Greenbriar filed suit against Russell May (Irene May later added as a defendant), seeking damages and attorney fees for alleged malicious acts, breach of contract and stubborn litigiousness exhibited by defendant Russell May in the attempt to nullify the purchase. Defendants answered and filed a counterclaim alleging violations by plaintiff of the Georgia Fair Business Practices Act (FBPA) (Ga. L. 1975, p. 376; Code Ann. Ch. 106-12).

A trial was held in which a verdict and judgment was against the plaintiff in favor of the defendants on their counterclaim for $6,000. A motion for judgment notwithstanding the verdict and in the alternative for new trial was filed and denied. Plaintiff appeals. *Held:*

1. We note at the outset that plaintiff has included in its second enumeration of error an attack on the constitutionality of the FBPA. Since the instant appeal was transferred to this court by the Supreme Court, the constitutional issues argued by plaintiff will be deemed by this court as having been improperly raised. See *C. F. I. Const. Co. v. Board of Regents,* 145 Ga. App. 471 (1) (243 SE2d 700).

2. Plaintiff first contends that the trial court erred in denying its

motion for judgment notwithstanding the verdict, and, in the alternative, for a new trial. The motion was based on the general grounds and on 22 separate grounds encompassing alleged errors made by the trial court in "mischarging" several requests to charge, in giving defendants' requested charges, in reading defendants' pleadings to the jury, and in sending certain exhibits to the jury.

A review of the transcript of the trial court's charge in this case clearly indicates that the court did commit the verbal errors cited by plaintiff as "mischarges." However, we find these verbal errors to be nothing more than harmless slips of the tongue which could not reasonably be deemed to have confused or misled the jury. "A statement made in a complained-of charge which is nothing more than a mere verbal inaccuracy and which results from a palpable slip of the tongue and clearly could not have misled the jury is harmless." *Ramsey v. State,* 145 Ga. App. 60, 63 (7) (243 SE2d 555); s.c. reversed on other grounds in 241 Ga. 426 (246 SE2d 190). See also *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512).

The trial court cautioned the jury on the role of pleadings in this trial as follows: "Now, these pleadings are not evidence. They are not to be considered by you as evidence. They are merely the written contentions of the parties whereby each party in the case has set out in writing what they contend to be the truth of the matter and they form the issue which you will have to determine." In view of the giving of this cautionary instruction, no error can be ascribed to the trial court's reading of the pleadings of both parties to the jury.

The remaining grounds set forth in plaintiff's motion are similarly ineffective. The record contains evidence supporting the verdict and judgment in this case, thereby rendering plaintiff's argument on the general grounds invalid. Moreover, plaintiff has not shown that it was harmed in any way by the sending of the exhibits in question to the jury. Plaintiff's contentions that the trial court committed reversible error in giving defendants' requested charges on the provisions of the FBPA are without merit, as will be discussed in Division 3 of this opinion.

3. In its second and third enumerations of error plaintiff argues that the trial court erred in giving the seven charges requested by defendants dealing with deceit (requested charges 5 and 6) and with the provisions of the FBPA (requested charges 1, 2, 3, 4, and 7). We find no error in the giving of any of these charges.

Plaintiff asserts that the giving of defendants' requested charges on the law of deceit "further obscure[d] the already ephemeral standards by which the jury was allowed to determine what is 'unfair' and . . . erroneously reduce[d] the burden of proof and persuasion as to Appellees' claims." We disagree. The charges on deceit were

correct statements of Georgia law, and, since plaintiff has failed to support its argument with either citations of relevant authority or a clear showing of the harm which resulted from the giving of these charges, we find no merit in plaintiff's vague and conclusory argument alleging error in this regard.

Furthermore, we hold that the trial court did not err in giving defendants' requested charges on the provisions of the FBPA. The evidence presented in this case unequivocally established that defendants visited plaintiff's dealership for the purpose of buying a particular make and model automobile, that defendants were sold a different model automobile at a higher price than they had previously indicated they were willing to pay, and that defendants' vociferous dissatisfaction with this automobile ultimately led to the instant litigation. Defendants presented further evidence demonstrating that they were pressured into buying the automobile in question, and that plaintiff, through one of its salesmen, misrepresented a number of important characteristics of the automobile to defendants. In our view, this evidence is sufficient to authorize the giving of defendants' requested charges. See *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813 (242 SE2d 740).

A review of the trial court's charge discloses that the section of the charge dealing with the provisions of the FBPA constituted an accurate statement of Georgia law. Plaintiff's contentions to the contrary accordingly are without merit.

4. Plaintiff next asserts that the trial court erred in charging the jury that it could award defendants up to $7,200 on their FBPA counterclaim. More specifically, plaintiff argues (1) that "there was no competent evidence to support a verdict in such amount," and (2) that "such a verdict would necessarily require that the jury invade the statutorily created province of the court."

We reject these assertions. The evidence disclosed the defendants lost the equity of their Dodge Aspen which was traded in for the demonstrator which was repossessed and sold. Clearly, the trial court charged that if the jury found for the defendants a verdict could be returned "from one dollar up to $8200" which was then corrected to "$7200," which change was within the range of the evidence. The verdict for defendants in the lump sum amount of $6,000 is not so excessive that it cannot be upheld under the most favorable construction of the verdict. "Even if the verdict is ambiguous . . . and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied." *Haughton v. Judsen,* 116 Ga. App. 308, 310 (157 SE2d 297).

In addition, plaintiff is mistaken in its argument that the Code

section creating private remedies for individuals aggrieved by violations of the FBPA (Code Ann. § 106-1210 (Ga. L. 1975, pp. 376, 386)) permits *only the trial court,* not the jury, to award damages and attorney fees to such individuals. The claims authorized by the FBPA are inherently *equitable* in nature, as can be seen from the following language from Code Ann. § 106-1210 (a), supra: "Any person who suffers injury or damages as a result of consumer acts or practices in violation of this Chapter ... may bring an action individually, but not in a representative capacity, against the person or persons engaged in such unlawful consumer acts or practices under the Rules of Civil Procedure *to seek equitable injunctive relief* and to recover his general and exemplary damages sustained as a consequence thereof ..." (Emphasis supplied.) But despite the inherent equitable nature of the claim, the *trial court* retains the authority to order a jury trial of FBPA claims under Section 39 of the Civil Practice Act (Code Ann. § 81A-139; Ga. L. 1966, pp. 609, 652) or as to ex delicto actions involving unliquidated damages which must be determined by a jury (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). "In all actions not triable of right by a jury ... the court may nevertheless order a trial with a jury whose verdict will have the same effect as if trial by jury had been a matter of right ..." Code Ann. § 81A-139, supra. The applicable standard for appellate review of the decision of a trial court to proceed with a jury trial in a case in which there is no right to trial by jury is one of *abuse of discretion.* "In all actions not triable of right by a jury, CPA § 39 (Code Ann. § 81A-139) provides that the grant or denial of a jury trial is committed to the trial court's discretion with which the appellate courts normally refuse to interfere." *Peoples Bank v. Northwest Ga. Bank,* 139 Ga. App. 264, 266 (228 SE2d 181). In the instant case plaintiff has failed to demonstrate any abuse by the trial court of its discretion in permitting a jury to return a verdict on defendants' FBPA counterclaim, if in fact the general and exemplary damages issue could be said to be a part of equity jurisdiction here. Plaintiff's fourth enumeration of error is therefore without merit.

5. In its fifth and sixth enumerations of error plaintiff contends that the trial court erred in giving charges on provisions of the Uniform Commercial Code (UCC) dealing with a buyer's right to reject nonconforming goods, revocation of acceptance and foreclosure. Plaintiff argues that the evidence presented at the trial of this case did not authorize the trial court to charge the jury on the law of the UCC, and that the subject charge thereby enabled the jury to find against plaintiff on a legal theory which did not apply to the instant case. We disagree. The provisions of the UCC which were given to the jury in the trial court's charge covered issues at least

peripherally raised by the evidence adduced at trial. No error can be attributed to the trial court on this basis. See *Superior Paving v. Citadel Cement Corp.,* 145 Ga. App. 6, 7 (1) (243 SE2d 287).

6. Plaintiff's seventh enumeration of error complains of the court's instruction of the citation of cases when giving the written requests of law submitted by the defendants. These would be meaningless to the jury of laymen, and we see no harmful error. It would be no more harmful than giving the source of the various instructions that the court gives in its charge to the jury. There is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued May 8, 1980 — Decided September 5, 1980 — Rehearing denied September 30, 1980 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Warren W. Wills, Jr., Robert Wright,* for appellant.
*Lanier Randall,* for appellees.