## 60313. DANFORTH v. DANFORTH.

BIRDSONG, Judge.
The plaintiff, a fifteen-year-old boy, by his father sued his grandfather, the appellant, for injuries received in the summer of 1979 while plaintiff was employed as a worker on his grandfather's tobacco farm. In his complaint, the plaintiff alleged that his right foot and leg became entangled in an exposed cog of a harvester when the defendant momentarily left the harvester upon which the grandfather, the plaintiff, and others were working. He demanded $50,000 in damages. On trial, the jury returned a verdict in favor of the plaintiff in the amount of $27,500. Defendant appeals, enumerating seven errors of the trial court. *Held:*

1. In his first two enumerations, appellant urges that the trial court erred in overruling his written motion for continuance filed and heard at pre-trial conference on January 30, 1980 and again asserted immediately prior to trial on February 15, 1980. We have no difficulty

whatever in holding that the trial court committed reversible error. The plaintiff's complaint in this case was filed December 6, 1979. Defendant answered January 4, 1980, denying any negligence and asserting that the plaintiff's injuries were the result of the plaintiff's own failure to exercise ordinary care. Also on that same date, January 4, defendant filed and served his "first interrogatories to plaintiff," totaling some 37 questions concerning the case. On January 23, 1980, plaintiff filed and gave notice that he intended to take the deposition of his physician on January 29, 1980. The day following that deposition, on January 30, the parties attended a pre-trial hearing at which they submitted proposed pretrial orders. In the plaintiff's proposed pre-trial order is provided "either party may take further discovery upon reasonable notice to opposing counsel," to which it appears that the trial judge added in writing "thru Feb. 7, 1980." The case apparently was set for trial by the trial judge on February 15. However, on January 30 at that same pre-trial hearing, defendant filed a motion for continuance asserting that the action was filed December 6, 1979, and defendant had not had adequate time to complete discovery and prepare the case for trial at the February term of court, and in this connection showed that his interrogatories filed on January 4 were not required to be answered until February 6, 1980; and defendant further showed that he needed to take the plaintiff's deposition and to interview each person who was riding on the tobacco harvester at the time of the plaintiff's injury in order to properly investigate the case and prepare for trial.

The order of the trial judge, dated January 30, denied defendant's motion for continuance, "subject to the following conditions: (a) that defendant's first interrogatories be answered by the plaintiff on or before Feb. 7, 1980. If the plaintiff does not answer ... then this case will be removed from the February trial calendar and continued until the next term of court." On February 7, plaintiff filed answers to interrogatories which answers numbered some 79 pages. On February 15, five working days after plaintiff filed these answers, the case proceeded to trial. Defendant made written and oral motions for a continuance which were denied. The oral motion was based on the inaccessibility of a key witness due to illness. On review of the record and proceedings, we hold that the trial court's denial of defendant's motions for continuance was an abuse of discretion (see *Baker v. Housing Auth.,* 152 Ga. App. 64, 67 (262 SE2d 183)), and we reverse.

Code Ann. § 81A-140 (a) provides that "all civil cases ... shall be triable any time after the last day upon which defensive pleadings were required to be filed therein: *Provided, however, the court shall in all cases afford to the parties reasonable time for discovery*

*procedures, subsequent to the date that such defensive pleadings were required to be filed. . .* " (Emphasis supplied.) The defendant in this case was exposed to considerable personal liability. The issues of fact and law were relatively numerous and strongly contested. Plaintiff in his answers to interrogatories indicated nearly twenty persons he might expect to call as witnesses either to the accident or to his medical and physical condition or in proof of other damages. Moreover, on February 7, only five working days before trial on February 15, in his answers to interrogatories the plaintiff claimed that he could not reveal what he might expect these witnesses to testify because he himself had not interviewed all the witnesses and his lawyer had interviewed none of them. In fact, the trial transcript discloses that over a period of two days, eight witnesses appeared for the plaintiff and two for the defendant. The plaintiff introduced 26 exhibits, including medical records, and photographs of the plaintiff and of numerous harvester machinery parts. For this edifying experience, the defendant had had only 29 working days of discovery and 18 of those had already passed when he was informed that he would have only 11 more, and only 5 more after plaintiff was to answer the defendant's first interrogatories. If the defendant had not asked for a continuance or had already had a reasonable and adequate time for discovery (see *Puritan Fashions Corp. v. Naftel,* 138 Ga. App. 479 (1) (226 SE2d 305); and see *Pittman v. U. S. Shelter Corp.,* 150 Ga. App. 37, 38 (256 SE2d 646)); or if the case had been one where further discovery would as a matter of law be a useless process and would only postpone the inevitable (see *Baker,* supra, p. 47), then the defendant might be in a different posture. But the defendant did ask for a continuance and did assert that he needed more time for discovery. It was not necessary in the circumstances of this case, as plaintiff argues, for the defendant to show what further discovery he intended to make or what it might reveal since it is most likely that at this point he did not know himself. While the determination of what is reasonable time for discovery (Code Ann. § 81A-140 (a)) is a matter of discretion for the trial court, the requirement that the parties have such a reasonable time is mandatory; and where the trial court's ruling shows that no discretion was exercised at all (*Unnever v. Stephens,* 142 Ga. App. 787, 789 (236 SE2d 886)), we will not hesitate to call it error. The case is reversed for the denial to defendant of a reasonable time for discovery as mandated by Code Ann. § 81A-140 (a).

2. The trial court did not err in overruling defendant's motion for directed verdict. Directed verdict for the defendant is proper only "where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom,

shall demand a particular verdict" (Code Ann. § 81A-150 (a)). The plaintiff stated that the opening in the harvester and the gears and cogs where he stuck his foot were in plain view and that if he had looked where he placed his foot, he would not have placed his foot in the opening. This evidence does not demand a verdict that the plaintiff's negligence was the sole cause of the accident, in view of the other evidence in the case. There was evidence in this case to support the verdict, and to support the plaintiff's contentions and the trial court did not err in refusing to direct a verdict for the defendant. *Speir v. Williams,* 146 Ga. App. 880 (1) (247 SE2d 549).

3. In charging that preponderance of the evidence is that which "a reasonable and impartial mind would believe is stronger than the evidence of the defendant," the trial court erred. This language was expressly disapproved in *Superior Paving v. Citadel Cement Corp.,* 145 Ga. App. 6 (2) (243 SE2d 287). It was only a difference in degree that in *Superior Paving* the charge was error because defendant produced no witness, while in the case before us the defendant produced two witnesses as opposed to eight for the plaintiff. The error lies in the characterization of the preponderant evidence as "stronger"; wherever there is marked disparity in the volume or kind of evidence, one side will in that very limited respect be "stronger" than the other. The proper definition of preponderance of the evidence is given by law at Code Ann. § 38-106, and we see no reason why it should not be given at the retrial of the case.

It was also error to fail to charge as to the plaintiff's duty to exercise ordinary care, and any reference to that duty in connection with other portions of the charge are not helpful where the jury has not been instructed that such a duty is imposed upon the plaintiff by law. The trial court erred in instructing as to comparative negligence in a manner which implied that if both parties were at fault the plaintiff might still recover, even though the plaintiff might have been proportionately more or equally at fault. See *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340 (8), 360, 362 (124 SE2d 758). It was also error to refuse to charge the doctrine of avoidance in the facts of this case (see *Underwood,* supra, p. 361). It is however, unnecessary to determine whether these errors require reversal since the case is reversed for other reasons (see Division 1).

*Judgment reversed. Sognier, J., concurs. Deen. C. J., concurs in the judgment only.*

ARGUED JULY 8, 1980 — DECIDED
OCTOBER 22, 1980.

*Glenn Whitley,* for appellant.

*Jack W. Carter,* for appellee.