## 61676. GARNER v. THE STATE.

POPE, Judge.

Phillip Earl Garner appeals his conviction for burglary. *Held:*

1. In the first four enumerations defendant claims error because the trial court did not exclude evidence of his pretrial statements and evidence derivative thereof because the state had not complied with Code Ann. § 27-1302 (Ga. L. 1980, p. 1388, effective April 1, 1980).

Prior to April 1, 1980 there were no provisions in Georgia law governing pre-trial discovery in criminal cases. See *Jarrell v. State,* 234 Ga. 410 (4) (216 SE2d 258) (1975); *Phillips v. State,* 146 Ga. App. 423 (5) (246 SE2d 438) (1978). However, the 1980 General Assembly amended Code Ch. 27-13 "so as to provide for discovery in criminal cases of statements made by defendants while in police custody and of scientific reports; to provide for procedure in relation thereto; [and] to provide for an exclusionary rule . . . " Ga. L. 1980, p. 1388. As is pertinent to this case, the General Assembly enacted new Section "27-1302. Discovery of defendant's statements. (a) The defendant shall be entitled to have a copy of any statement at least 10 days prior to trial of the case given by him while in police custody. The defendant may make this request in writing within any reasonable period of time prior to trial. (b) If the defendant's statement is oral or partially oral, the prosecution shall furnish in writing all relevant and material portions of the defendant's statement. (c) Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal. (d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of such statement of the defendant may be used against the

defendant unless it has been previously furnished to the defendant if a timely written request for a copy of such statement has been made by the defendant. (e) The provisions of this section shall not apply to newly discovered evidence. Such evidence shall be produced as soon as possible after it has been discovered." Ga. L. 1980, pp. 1388, 1389 (Code Ann. § 27-1302).

The record discloses that on November 3, 1980 the defendant moved for discovery under Code Ann. § 27-1302 of any statement made by him while in police custody; a copy of the motion was served on the state on the same date. At a hearing on the motion on November 14, a copy of the transcript of defendant's tape recorded statement was provided to him. Less than 10 days later, on November 21, the case was called for trial.

Immediately preceding the trial the court conducted a Jackson-Denno hearing to determine the voluntariness of defendant's tape recorded statement. During the course of this hearing it was revealed that defendant had also made an in-criminating oral statement to the police at the time of his arrest. A summary of this oral statement had been reduced to writing by one of the arresting officers. Defendant moved to suppress both statements, as well as testimony concerning physical evidence discovered as the result of his oral statement, on the ground that he had not been furnished copies thereof at least 10 days prior to trial. This motion was overruled.

At trial one of the arresting officers testified in his own words as to what the defendant had told him. On cross examination the officer indicated that this testimony was a composite of *three* conversations he had had with defendant — one at the time of defendant's arrest, one which had been tape recorded and a third which had occurred orally immediately preceding the tape recorded statement. Defendant objected to testimony relating to this statement as not in compliance with Code Ann. § 27-1302.

Although the statute provides that a defendant is entitled to have a copy of any statement made by him while in police custody at least 10 days prior to trial, the record discloses that defendant in this case had received a copy of his tape recorded statement only seven days before his trial. The stated purpose of the statute is to provide for discovery in criminal cases. See also Code Ann. § 68A-902.1 (a) (4). Not only is a criminal defendant now entitled to a copy of any statement he made to the police while in custody, the legislature has determined that he is entitled to "at least 10 days" with which to review such information before trial. Cf. *Pittman v. U. S. Shelter Corp.*, 150 Ga. App. 37 (256 SE2d 646) (1979). Upon proper application by a defendant, the burden of compliance with the

requirements of Code Ann. § 27-1302 is on the state. Cf. *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560) (1978). To hold otherwise would make the statute " 'a toothless tiger,' 'a fish that cannot swim,' indeed, a law that it is not necessary to enforce." *Seaney & Co. v. Katz,* 132 Ga. App. 456, 458 (208 SE2d 333) (1974) (dissenting opinion). The decision as to when a case is called for trial does not rest with the defendant. Code Ann. § 27-1301. Nor does an uncorroborated confession by itself justify a conviction. Code Ann. § 38-420. Accordingly, if the state elects to use a defendant's statement in the prosecution of its case but 10 days have not elapsed from the time defendant was provided a copy thereof, the state's remedy is to announce not ready at the call of the case for trial and request a continuance. See Code Ann. §§ 27-1902, 27-2002. See also Code Ann. Ch. 81-14; Code Ann. § 81A-140 (a). The state elected to proceed with the instant case notwithstanding the fact that only seven days had passed since it had complied with defendant's motion for discovery under Code Ann. § 27-1302. Therefore, the trial court erred in overruling defendant's motion to exclude and suppress evidence as to the tape recorded statement.

As to defendant's two oral statements, the transcript shows that despite a timely written request, defendant was not furnished the relevant and material portions of these statements except for a copy at trial of the summary of the statement defendant had given at the time of his arrest. The transcript also shows that although a summary of each oral statement had been made by a police officer, the district attorney had not seen a copy of either prior to trial. Nevertheless, the state did not contend that these statements were newly discovered evidence. Therefore, since the statement failed to comply with defendant's request, the oral statements should also have been excluded and suppressed from the state's use at trial.

The dissent concludes that the proper remedy for the state's noncompliance with Code Ann. § 27-1302 is for the defendant to request a continuance. Such a holding eviscerates the statute and is contradictory to its plain and unequivocal language. "Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, *shall result in such statement being excluded and suppressed from the prosecution's use* . . . " (Emphasis supplied.) Code Ann. § 27-1302 (c). The dissent's conclusion violates the fundamental rule "that where the provision of a statute is clear and unambiguous it must be taken to mean what has been clearly expressed and no occasion for construction exists." *Forrester v. Continental Gin Co.,* 67 Ga. App. 119, 128 (19 SE2d 807) (1942). Furthermore, such a holding would render meaningless the sanction specifically provided by the statute. If a defendant is

required to seek a continuance in the event of the state's failure to comply with the statute, under what circumstances will such noncompliance ever result in the exclusion and suppression of a defendant's statement? Clearly, the answer is none.

"Courts will always presume that the legislature uses language appropriate to the expression of the legislative purpose, and therefore [we are] not . . . at liberty to disregard any portion of the language employed by it in the expression of its design . . . " *Hicks v. Smith,* 94 Ga. 809, 815 (22 SE 153) (1894). The General Assembly has seen fit to endow criminal defendants with certain discovery rights which heretofore did not exist. It is not the function of this court to curtail those rights by imposing an artificial construction on the clear, direct and positive language of the statute. *New Amsterdam Casualty Co. v. McFarley,* 191 Ga. 334, 337 (12 SE2d 355) (1940); *Fulton County Employees Pension Bd. v. Askea,* 95 Ga. App. 77 (1) (97 SE2d 389) (1957). Accordingly, the judgment of the trial court is reversed and remanded with direction that testimony and evidence arising from defendant's statements be excluded and suppressed from any retrial of this case.

2. Defendant also enumerates as error the trial court's denial of his application for a supersedeas bond. The court found that because defendant had other charges pending against him in another county, he was a danger to the community. We find no abuse of discretion in denying the bond. *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1977).

3. Defendant's remaining enumerations are either without merit or unlikely to recur at any retrial of this case.

*Judgment reversed with direction. Shulman, P. J., Banke, Birdsong, and Carley, JJ., concur. Quillian C. J., Deen, P. J., McMurray, P. J., and Sognier, J., dissent.*

DECIDED JUNE 22, 1981 —
REHEARING DENIED JULY 10, 1981.

*Adele Platt-Grubbs,* for appellant.
*Darrell E. Wilson, District Attorney, C. Gregory Culverhouse, Assistant District Attorney,* for appellee.

QUILLIAN, Chief Judge, dissenting.
While the majority's reasons and reasoning are excellent, I cannot reconcile their opinion with the holdings of this Court interpreting another discovery statute which also sets out an exclusionary rule and which reach a result that stare decisis dictates we must follow.

Code Ann. § 27-1403 (Cobb, 834, Ga. L. 1966, pp. 430, 431) bars

the testimony of a prosecution witness if the witness' name has not been supplied to the defendant prior to trial after proper demand. However, we have held that the proper remedy for a violation thereof is not a defense motion for exclusion of the testimony but a motion for continuance. See e.g. *Hunnicutt v. State,* 135 Ga. App. 774 (1) (219 SE2d 22); *Savage v. State,* 152 Ga. App. 392 (4) (263 SE2d 218).

Since I am constrained to follow prior decisional law, I therefore respectfully dissent.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Sognier join in this dissent.