62207, 62524. HEARD et al. v. CARTER et al. (two cases).

BIRDSONG, Judge.

Three partners of the Ponce De Leon Company were expelled by the remaining four partners. Following mutual petitions for declaratory judgment filed by the plaintiffs (four "remaining" partners) and defendants (three "withdrawing" partners), the trial court entered judgment declaring essentially that the partnership agreement is unambiguous and does not require interpretation or jury deliberation; that the three withdrawing partners (defendants) were properly expelled; that the partnership agreement gives the four remaining partners (plaintiffs) the right and duty to liquidate the partnership assets; and that "liquidate" means to sell the assets, which include real estate deeded to the Ponce De Leon Company in the name of the partnership as being composed of certain named individual partners. The trial court, in the same order, also restrained and enjoined the defendants from interfering with the orderly liquidation of the partnership assets. Defendants appeal. *Held:*

1. The trial court did not err in finding the partnership

agreement to be unambiguous. See *Dorsey v. Clements,* 202 Ga. 820, 823 (44 SE2d 783); *Bress v. Keep-Safe Industries,* 155 Ga. App. 544 (1) (271 SE2d 867). The defendants were properly expelled by the majority of partners according to the requirements and provisions of the agreement. The agreement provides that a majority (excluding the partner under consideration) may vote to expel a partner and requires that notice of the expulsion be given. The agreement does not provide for notice of the meeting at which expulsion would be voted. Introduction of evidence showing that the contrary was in fact the accepted procedure (see *Scruggs v. Purvis,* 218 Ga. 40 (126 SE2d 208)) would avail the defendants nothing, as they have suggested no circumstance by which such advance notice might have altered the result or affected the rights of the partners under the agreement.

2. Defendants have not convinced us, any more than the trial court, that the use of the word "liquidate" in the partnership agreement, means to effect "a distribution in kind." Liquidation means, most logically, "to make liquid." In its most common significance, it means to convert to divisible funds. The agreement requires the partners to use the proceeds of liquidation to pay or provide for payment of the partnership liabilities, liquidation expenses, obligations, capital contributions, and equal distribution of assets. Defendants have suggested no reasonable manner in which these mandates might be achieved through a "distribution in kind" of the real estate assets of the partnership. Hence, defendants' interpretation of the word "liquidate" is not consistent with the obvious intent of the agreement and is unreasonable. The agreement is not ambiguous in this respect.

However, the trial court erred in its interpretation of one provision, i. e., "If the remaining partners do not elect to purchase the interest of the withdrawing partner, the *partners* shall proceed with reasonable promptness to liquidate the business of the partnership." (Emphasis supplied.) The trial court held that since the partnership was dissolved upon the expulsion of three partners, and the withdrawing partners were no longer partners, the word "partners" refers to the remaining partners and gives the remaining partners the right and duty to liquidate the assets. This is incorrect. The agreement clearly and unambiguously states that the *"partners"* shall liquidate the assets, and does not designate these as remaining partners. This is entirely consistent with Code Ann. § 75-109, which provides: "A dissolution shall put an end to all the powers and rights resulting from the partnership to the partners, *except for the purpose of a general accounting and winding up of the business."* (Emphasis supplied.) According to this code section, the partners retain their rights and obligations as partners for the purpose of general

accounting and winding up of the partnership business in connection with its dissolution. Paragraph 13 of the agreement provides: "No partner shall, except with the consent of the other partners . . . sell . . . [the partnership's] capital assets or its property." While the agreement mandates liquidation of the assets upon dissolution (in the event the remaining partners do not opt to buy the assets), the partners' right to consent to the manner of liquidation, at least, is a partnership right and obligation which, per Code Ann. § 75-109, does not evaporate upon their expulsion. Hence there is no reason to conclude that the use of the word "partners" in the aforementioned provision was an accident or means other than what it unambiguously says.

3. The trial court ruled in effect that the real estate alleged by plaintiffs to be partnership assets, is partnership assets and is thus required to be liquidated. Defendants on appeal contend that the real estate property is not property of the partnership but is property of the partners named in the several deeds, which would result in a tenancy-in-common and thus deprive the plaintiffs of any right to dispose of the property. This contention is without merit. In the first place, we have held that the plaintiffs do not have the right to dispose of the partnership property to the exclusion of the defendants. Moreover, the defendants' contentions on appeal are based upon contentions of law and not of fact. The record does show four deeds granted from 1962 to 1965 to the Ponce De Leon Company, a partnership comprised of Heard, Castle, Carter and Bennett (two of whom are defendants and two of whom are plaintiffs in this action). Another deed was granted in 1976 by Heard to the Ponce De Leon Company as comprised by Heard, Castle, Carter, Bennett, Ball, Ward and Morely. The trial judge found that these deeds represent the same property and that this property is a partnership asset. The partnership agreement does not disclose otherwise. No facts appear in the record or transcript, nor is any suggested on appeal, that would indicate that this property is not property acquired as an asset by the partnership, which according to the agreement is to be liquidated upon dissolution with the proceeds to be distributed in equal amounts. The defendants do not contend and suggest no factual basis to conclude that the property is in fact owned by any individual partners to the exclusion of others or in greater equity. Apparently, they merely contend that the property is owned by all of the partners and not by the partnership. The trial court heard evidence at the instant hearing and at another hearing for which there is no transcript (see *Derrickson v. Kristal,* 148 Ga. App. 320 (251 SE2d 170)), and concluded that this property is a partnership asset. As an asset of the partnership, the property is subject to liquidation under the agreement, and as to this it makes no

difference to the law whether we say it was owned by the partnership or owned by the partners.

4. The trial court's restraint and enjoinder of defendants from interfering in the liquidation is mooted and reversed by virtue of our ruling that pursuant to the agreement, defendants as well as plaintiffs have the right and obligation to liquidate the partnership assets; hence, no questions emerge with respect to the jurisdiction of this court to determine a matter of equity.

5. The trial court's denial of jury trial and denial of defendants' motion for continuance was correct. Although the trial judge erred in its interpretation of the significance of the word "partners," he was correct in his determination that the partnership agreement was clear and unambiguous. And since the issues raised by the defendants as to the ownership of partnership assets are questions of law and not fact, no reason for continuance appears. Nothing has been argued or shown on appeal to indicate that further discovery would have been anything other than useless process. *Danforth v. Danforth,* 156 Ga. App. 236, 238 (274 SE2d 628).

Issues raised in Appeal No. 62524, as to the granting of a supersedeas bond, are moot.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1981.

*James L. Paul, G. Stephen Parker,* for appellants.
*A. Joseph Nardone, Jr.,* for appellees.