## 63789. SMART v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction of two counts of entering vehicles with intent to commit theft. *Held:*

1. Defendant asserts that an accomplice's testimony was not sufficiently corroborated to support the verdict.

The evidence showed that about 11:30 at night Fisher, a motel employee, heard banging sounds coming from the motel parking lot. He looked into the parking lot and saw three white males sneaking around. One was an adult with long, black, slicked-back, wavy hair, wearing dark blue pants and a light blue shirt. The other two appeared to be smaller juveniles. When Fisher called out for them to leave, all three left running. It was then discovered by Fisher and Officer Powell that cars had been broken into by smashing windows and property taken. Officer Peterson testified that he received a communication from Powell which gave him Fisher's description of the three and that they had left the motel going in a southerly direction. Peterson began looking in that direction and about a mile from the motel found the defendant and two juveniles, who were white males fitting the description he had received, walking in front of an auto parts store drinking sodas. Defendant had shoulder length hair and was wearing a blue shirt and blue pants. Although it was not a warm evening, all three were wet from perspiration and looked as if they had been running or exercising in some way.

B., a 15-year-old juvenile who was apprehended with defendant, testified that he and defendant and a younger juvenile went to the motel parking lot to break into cars, had broken into several by smashing windows, and had taken property therefrom. Someone came up and they all ran. They went to a store and bought sodas and then were stopped by police in front of an auto parts store.

" 'Although the corroboration need not be sufficient to warrant a verdict of guilty, nor need every material particular be corroborated [cits.] insofar as the participation and identity of the accused is

concerned, there must be independent corroborating evidence which tends to connect the accused with the crime.' [Cits.] '[T]he quantum of testimony and its sufficiency to corroborate the testimony of an accomplice before a jury is a matter addressed entirely to the jury itself.' [Cits.]" *Cape v. State,* 160 Ga. App. 336 (1), 337 (287 SE2d 63).

We find the evidence, other than that of the accomplice, sufficient to corroborate the testimony of the accomplice. We also find the evidence sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt.

2. The remaining enumeration is that the trial court allowed the state's witnesses to testify over objection that the defense had not been furnished a list of such witnesses prior to trial after proper request therefor was made as required by Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431).

The record shows that upon the defense objection the trial court directed the state to make the witnesses immediately available. Thereafter, without further objection or request for continuance, the state's witnesses testified.

We find no error as defendant shows no prejudice and did not make use of a motion for continuance which is the proper remedy for the state's failure to provide the list of witnesses. *Savage v. State,* 152 Ga. App. 392 (4) (263 SE2d 218).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 19, 1982.

*Robert H. Revell, Jr.,* for appellant.

*Hobart M. Hind, District Attorney, Columbus Burns, Assistant District Attorney,* for appellee.